JOHN B. GARVIE vs. THE CITY OF HARTFORD & OTHERS.

Hartford Dist., Jan. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and GRANGER, Js.

The state constitution forbids the increase of the compensation of any public officer, to take effect during his continuance in office. Held to render illegal a vote of the common council of a city to pay a joint-standing committee of the council for services rendered by the committee, the office of councilman being one without compensation and the services being those ordinarily rendered by such a committee.

[Argued January 5th,—decided February 3d, 1887.]

SUIT for an injunction against the payment by the defen-

dant city of a sum of money, under a vote of the common council of the city, as compensation to one of its standing committees; brought to the Court of Common Pleas of the county of Hartford. The defendant filed an answer, to which the plaintiff demurred, and the case was reserved upon the pleadings for the advice of this court. The case is fully stated in the opinion.

*C. J. Cole*, in support of the demurrer.

*S. O. Prentice*, contra.

PARDEE, J. On March 22d, 1886, the court of common council of the city of Hartford passed the following resolution: "*Resolved*—that the city auditor be and he is hereby instructed to draw his order on the city treasurer in favor of the joint standing committee on bathing house for two hundred and fifty dollars, for services rendered the past year." The plaintiff, a tax-payer, asks that the city and its treasurer may be restrained from honoring the order. In its answer the city says:—

" Said committee on bathing-house was composed of Asa S. Cook, George H. Brown and Henry P. Hitchcock, who were members of the court of common council of said city of Hartford for the municipal year beginning in April, 1885, and ending in April, 1886, and as such members were, in accordance with the rules of said court, duly chosen and appointed as members of said joint standing committee on bathing-house of said court, and during said term acted in said capacity, performing all the duties devolving upon said committee, and rendering to the city all the services customarily rendered by such joint standing committee. Among the services which said committee were called upon to perform, and which they did in fact perform, for and on behalf of said city, were the care and custody of the bathing-house owned by the city, and of other property of the city connected therewith, and the charge and management of the same for the uses of the people of the city,

and for the purposes for which it was intended. The duties performed and the services rendered for and on behalf of said city by the members of said committee as aforesaid, were of value to said city, and were reasonably worth the sum of $250. The resolution first set out in paragraph four of the complaint, was adopted and passed for the purpose of making a reasonable compensation to the said members of said committee for said services rendered to said city as aforesaid. For a long period of years it has been the practice of said city through its court of common council to pay said committee for the services rendered by them, and for said court to pass a joint resolution authorizing and directing such payment. Said resolution was passed in conformity with said practice, in good faith, and under the belief that the same was°lawful and proper."

To this the plaintiff demurs, stating the grounds of demurrer as follows:

"Because it appears from the complaint and answer that the resolution of the court of common council of the city of Hartford set forth in the complaint, and granting the sum of two hundred and fifty dollars to the joint standing committee on bathing-house, was in violation of that clause of the state constitution which provides that 'neither the General Assembly, nor any county, city, borough, town, or school district, shall have power to pay or grant any extra compensation to any public officer, employee, agent or servant, or increase the compensation of any public officer or employee, to take effect during the continuance in office of any person whose salary might be increased thereby, or increase the pay or compensation of any public contractor above the amount specified in the contract.' Because there was no legal obligation on the part of the city of Hartford to pay said joint standing committee on bathing-house any compensation or salary, and so said grant operated as a mere gratuity. Because the members of said joint standing committee on bathing-house were members of said court of common council of the city of Hartford, and as such occupied a fiduciary relation to the plaintiff and to the city of

Hartford, and therefore had no legal right to grant compensation to themselves as members of said committee."

Upon the answer and demurrer we are to assume that the duties performed by the defendants were such as have been customarily performed by the joint standing committee of the council upon the bathing-house.

From the date of the grant of a charter to the city of Hartford to this present the office of a member of its court of common council has remained without salary. The honor inseparable from the office has stood in the place of pecuniary compensation. Therefore the members in whose favor the resolution was passed accepted the office with knowledge of the fact that they then had neither legal nor equitable claim to compensation. Simultaneously with their acceptance there came into operation a binding agreement that they had entered upon an office to which no compensation then attached. Upon them then the constitutional provision bore as upon any contractor, employee, or servant. They had undertaken an office upon an explicit agreement as to compensation then affixed; the contractor undertakes to furnish materials and perform labor for a stipulated price; the servant to labor upon fixed terms. The purpose of the provision, applicable alike to all, is to make it legally impossible for any one of them to receive a greater sum, either by payment or gift, for performing the duties pertaining to his office, or for fulfilling the terms of his contract for furnishing materials or for personal service, than it would have been legally possible for him to obtain by the judgment of a court upon the terms of his contract as originally made. Although, as is claimed by the defendants, it is mathematically impossible to add to nothing, nevertheless it is constitutionally possible to prohibit a gift to one who has no legal right to demand anything. The defendants are bound by their acceptance of an office without compensation. The action of the members of the court of common council in affixing a salary to the office must be for the benefit of their successors and will be unselfish. If the city shall allow any person to furnish materials or per-

form service or labor for it without having previously fixed the price, the law makes a contract as binding as any which the parties could have made for themselves; that is, the city is to pay the market value of the materials or service or labor, to be determined by the judgment of a court, if the parties disagree. And to the price thus judicially fixed there can be no addition by payment, gift, or otherwise.

The Court of Common Pleas is advised that the answer is insufficient.

In this opinion the other judges concurred.