[Filed February 19, 1887.]

# A. TYLER v. TRUSTEES OF TUALATIN ACADEMY AND PACIFIC UNIVERSITY, AND J. F. ELLIS.

Guaranty—Several Liability—Joinder of Parties.—In a contract of guaranty, the liability of the principal and that of the grantor are several, and they cannot be joined as parties in the same action.

Same—Election.—Where, upon the trial of an action, it appears that several defendants have been improperly joined, if the evidence shows a cause of action against each, it is the duty of the plaintiff, before the case is submitted to the jury, to elect which he will proceed against; else he can recover against neither, and a nonsuit may be granted.

Same—Costs.—In an action against two or more defendants who do not sever in their defence, but one bill of costs can be allowed under Section 541 of the civil code.

Same—Cause Sufficient for Jury—Corporations—Implied Contract—Ratification.—In an action against a college corporation for services rendered by the plaintiff as military instructor, where the evidence showed that the plaintiff had performed the services alleged ; that the corporation had received the benefit thereof ; that the fact that such instruction was furnished was prominently mentioned in the official catalogue as an attraction to students; with other similar facts tending to show knowledge and acquiescence on the part of the trustees of the institution, in the employment of the plaintiff, though the only express contract therefor was made by one whose authority was denied, these facts tend to show such knowledge and acquiescence on the part of the proper authorities of the corporation, as to entitle the cause to be submitted to the jury ; and a nonsuit was therefore erroneous. A corporation cannot, any more than an individual, avail itself of the labor of a party, and then screen itself from responsibility, upon the plea that it never passed an ordinance on the subject.

Washington County. Plaintiff appeals. Reversed, and new trial ordered.

*S. B. Huston* and *A. S. Bennett*, for Appellant.

*Thomas H. Tongue*, for Respondents.

Thayer, J.—The appellant commenced an action in the circuit court for Washington County against the respondents, to recover the sum of six hundred dollars ; three hundred thereof against the trustees of the academy and university, and the other three hundred against said Ellis. He alleged in his complaint in said action that the former was a body cor-

porate under the laws of the state, doing business as such at Forest Grove and elsewhere in Oregon; that during the college year of said corporation, from September 3, 1884, to June 3, 1885, at the instance and request of the respondents, and for the use and benefit of said corporation, he performed services as instructor in military science and tactics in the Pacific University and Tualatin Academy, and that said services were worth $700; that said sum became due and payable on and before June 3, 1885, but had not been paid or any part of it, excepting the sum of $100 paid thereon about August, 1885; that the respondent Ellis, about August 30, 1884, for a valuable consideration, guaranteed the payment of $400 of the said indebtedness; that he agreed with the appellant that if the appellant would render said services he would guarantee him said $400 thereof, and would assist in obtaining the other $300; and that the services were performed in consideration of the request of the said corporation and of the guaranty of the said Ellis.

The respondents interposed an answer, in which they denied all the material allegations of the complaint, except the incorporation of the academy and university. The respondents also set out special facts in the answer, which were denied in a reply filed by the appellant, and which facts were termed by the parties " new matter "; but they only constituted a traverse, and were redundant. In this shape the case came on for trial before said circuit court and a jury duly impanelled to try the same.

It appears from the bill of exceptions that the appellant called A. Hinman as a witness, who testified, in substance, that he was the president of the board of trustees of the institution known as the Tualatin Academy and Pacific University; that he had been a member of such board since its organization, about twenty-five years; that it was incorporated under an act of the Territorial Legislature of Oregon. The witness then named the other trustees, consisting of some ten in all, who resided in different parts of the state, except one who resided in Washington Territory. The president, and one other of the trustees,

resided at said Forest Grove.     Stated that there was a finance committee consisting of the respondent Ellis, Rev. Horace Lyman, who is one of the trustees, and himself; that the school usually had a president who was *ex officio* a member of the board of trustees ; but that during the time mentioned in the complaint it had none, except that said Ellis acted as vice president of the faculty during that time, but did not act as a member of the board of trustees ; that the board of trustees were not authorized or empowered to employ any teacher for the school, unless the board by resolution authorized some person or committee to do so; the resolution would be in writing, and be recorded in the minutes of the board ; that all proceedings of the board were reduced to writing and recorded in the minutes; that the board had sometimes in this way authorized persons and committees to employ teachers, and that they might at some time have authorized the president of the school or faculty to employ a teacher, though the witness could not remember that it had done so in either case ; that the finance committee had charge of the advertising—a sum was set apart by the board for that pnrpose ; that the board met annually at the close of the school year in June; that catalogues were prepared and issued by the faculty by authority of the board; that they were usually issued about August of each year ; that they were not seen by the board before being issued; that the board took no action upon the catalogues except to pay the bills therefor, as they could not come before the board as a board until the June following their publication.

The catalogues were then given in evidence ; they bore date respectively 1884, 1885 ; were similar in their style ; contained the names of the members of the board of trustees, including that of the respondent Ellis as a member *ex officio*, the officers of the corporation, the names of the members of the finance committee, which also included that of said respondent, the members of the faculty, commencing with that of said respondent Ellis, as vice-president, and including the name of the appellant as teacher of military science and tactics.     They also contained the usual matter published in catalogues of lit-

erary and scientific institutions. In the body of each of the catalogues was contained the following: "Military instructions twice a week. The young gentlemen, under a good instructor, have opportunity to drill in both infantry and artillery tactics, as adopted by the war department. This is the only military school in the entire Northwest. It has two objects: first, to promote health and grace of movement; and second, to prepare young men for the emergency of war."

The witness was then shown a printed circular, and testified that it was prepared by the respondent Ellis and presented to him, and that he approved it; that it was published about September, 1884, and the finance committee paid for its publication out of the funds allowed them and set apart for their use in advertising by the board of trustees; that it never came before the board for action by them. It contained upon its title page as a heading the words : " Forward "; " Pacific University, Forest Grove, Oregon "; " Announcement for 1884 "; " New Features "; " Ladies' Hall and Ladies' Department in connection therewith "; " Music and Art Instruction Given in all branches " ; " Military School ; the only one in the Pacific Northwest " ; and also other matters not material to the case. In the body of the circular was contained the same notice as to military instructions as that contained in the catalogues. The appellant's counsel then offered the said circular in evidence. The respondents' counsel objected to its admission, upon the grounds that it was immaterial and irrelevant, and did not tend to prove any employment by respondents. The court sustained the objection, and the appellant's counsel saved an exception to the ruling.

The witness further stated that at the time the circular was issued he knew, and the board knew, that the appellant had acted as military instructor to the students the previous year; that he had made no charge for such services; but that the board had given the tuition of his daughter for that year, and passed a vote of thanks to him; that the board did not prescribe military instructions to students, nor make or receive any charge for the same ; and always declined to become responsi-

ble for any expense attending it ; that the board, at its annual meeting in June, 1885, at the close of the school year, at the request of the respondent Ellis, voted to pay the appellant $100, and paid him that sum ; that he thanked witness, and said that the trustees had acted like gentlemen, and that he had no claim upon them; that the teachers of the institution were paid quarterly, and that the appellant never presented any bill to the trustees at any time, or asked any pay from them ; that the commencement of the action was the first knowledge they had of his claim against them.

The appellant testified as a witness in his own behalf ; stated that he had been an officer in the army during the war, and had had experience in drilling men ; that during the school year of 1884 and 1885 he drilled the students, or such as chose to attend, in military tactics ; that he organized them into companies and battalions, and drilled them one hour each day, of two days in each week; and that he spent some time, perhaps fifteen minutes a day, in reading military science in preparing himself for the duties of the position.   That he had charge of 150 stand of small arms and two small cannon and cleaned and cared for them as a part of his duties.

The respondents' counsel moved to strike out the evidence in regard to the small arms and cannon, upon the grounds that there were no allegations in the pleadings authorizing such proof ; which motion the court granted, and the appellant's counsel excepted to the ruling.   The appellant then asked leave to amend his complaint so as to include such allegations, but the court refused to permit it.

The appellant testified that his services as such instructor were reasonably worth $700.   He also testified that during the vacation of 1884 the respondent, Prof. Ellis, who was the acting president of the faculty, came to him and asked him to continue his services as such military instructor another year ; that the appellant told him that he could not unless paid for his services, and that he should want $700 for the year.   Prof. Ellis told him that the board would not pay that, and asked appellant to permit him to submit appellant's proposition to the

board at its next meeting, which the latter agreed to do; that in August he received a catalogue of the institution, with his name in it as military instructor, and that a few days after Prof. Ellis came to his house and said that it was all right; appellant asked him if it was arranged, and he said: " We'll guarantee you $400, and I'll take my chances on raising the balance of $300 by subscription," and asked appellant to attend the next meeting of the faculty, which he did, and submitted some rules to govern the drill, and the faculty adopted them. The appellant claimed in his testimony that he performed the duties of military instructor at the institution; that the president, Prof. Horace Lyman, the other resident trustee, and Prof. Ellis, often observed him in the discharge of his duties as such instructor.

The appellant was corroborated substantially, by the testimony of his wife, who was a witness in the case for him, as to the conversation he had with Prof. Ellis when the latter came to his house; and he attempted to introduce in evidence a resolution of the board of trustees of the corporation, to the effect that the treasurer of the board was authorized to pay him $100 for his services; but the evidence was objected to by the respondents' counsel and ruled out by the court, and an exception taken to the ruling.

The court also ruled out the testimony offered by the appellant in regard to Prof. Ellis guaranteeing him any pay for his services, and upon motion of the respondents' counsel granted a nonsuit, upon the grounds that the appellant had failed to prove a case sufficient to be submitted to the jury.

From the judgment of nonsuit the appeal herein is taken, and the several exceptions herein mentioned assigned as grounds of error. The nonsuit as to the respondent Ellis was clearly proper. There was evidently no cause of action made out against him, and he should not have been joined with the corporation. If he had entered into a valid guaranty to pay the appellant, his liability and that of the corporation would only have been several.

But I do not think the appellant should have been nonsuited

as to the corporation respondent.    It seems to me that the evidence tended to show a cause of action against it sufficient to be submitted to the jury.    He showed that he had performed services; that the corporation had the benefit of them, and its officers should have known that he expected to be paid therefor.    The trustees of the institution had no right to shield the corporation from liability, on account of their ignorance as to his expectation of receiving compensation.    They authorized the faculty to issue catalogues, and should have known what they contained.    The appellant was advertised in the catalogues of 1884, 1885, as " teacher of military science and tactics," and whether the board ever saw said catalogues or not, it is chargeable with notice of their contents; they were issued by its authority, and the corporation had the benefit of his services.    The act of the faculty in that matter was the act of the board.    It said to the world, as an inducement to patronize its institution, that the young gentlemen, under a good instructor, have an opportunity to drill in both infantry and artillery tactics, as adopted by the war department.    It was a benefit and advantage to the institution, and the evidence tends to prove that the appellant was induced to perform the service by an assurance from one of its principal officers that he should be paid therefor ; and because the board did not adopt a formal resolution authorizing his employment did not prevent a liability from attaching to the corporation.

Judge Fields said correctly, in *Gas Co.* v. *San Francisco,* 9 Cal. 469, 470, when he said that the position that a municipal corporation could incur no liabilities otherwise than by ordinance was not in its full extent tenable : that under some circumstances a municipal corporation might become liable by implication ; that " the obligation to do justice rests equally upon it as upon an individual.    It cannot avail itself of the property or labor of a party, and screen itself from responsibility under the plea that it never passed an ordinance on the subject.    As against individuals, the law implies a promise to pay in such cases, and the implication extends equally against

corporations.   This is as well established by the authorities as any principle of law can be."

The doctrine declared by that learned judge is not in opposition to the principle that in order to bind a corporation by contract, it must be entered into under corporate authority. That may be absolutely true, and there still be cases in which the law will raise a promise on the part of the corporation. Prof. Ellis may not have been empowered to enter into a special contract upon the part of the corporation, so as to have obligated it to perform such contract, without a ratification upon the part of the board in express terms; but he still was in a situation to do many things that would create a liability upon an implied assent of that body.   He no doubt regarded it as advantageous to the institution to have Captain Tyler continue as instructor in military science and tactics, and thereby induced him to do so.   The board made no dissent.   It recognized his employment, when it authorized the payment of the $100.   In an institution of that character, very much of the business pertaining to its conduct and management must, of necessity, be entrusted to its executive committee.   The members of the board doubtless thought that the appellant would be satisfied with the hundred dollars as a compensation for his services.   He had performed the same service previously almost gratuitously, but that was his own affair.   He had the right to claim *quantum meruit*, and the jury should have been allowed to fix the amount, in view of all the facts.

It is unfortunate, no doubt, that a law-suit should have grown out of the affair; but as it has, there is no other way than to allow a full hearing.   The proof in regard to the circular, the cleaning and caring for the arms, and the action of the board in authorizing the payment of the $100, was clearly competent.   The caring for the arms was incidental to the service, and not required to be alleged.   The drilling required the use of arms and the keeping them in order.   The counsel for respondents contended that they were entitled to have the appellant nonsuited at the trial, for a misjoinder of the re-

spondents as defendants. If the evidence had shown a cause of action against each of the respondents, it would have been the duty of appellant's counsel to have elected as to which of the parties he would claim against, before the cause was submitted to the jury; otherwise he could not recover against either. And by failing to make such an election, where the liability against defendants is only several, the court might, I think, properly grant a nonsuit; but the motion for the nonsuit was not made upon that ground, and the respondents' counsel should not be allowed to take advantage of that matter in this court, when he failed to raise the question in the circuit court.

The appellant also appealed from a part of the judgment entered upon the order granting a nonsuit, wherein it is adjudged that the defendants, and each of them, recover of and from the plaintiff their and each of their costs and disbursements in this action. I should, however, have regarded the entry as merely superfluous, had not our attention been called to the fact that costs had been taxed in favor of each of the respondents in the court below. The judgment seems to have been entered in that form intentionally, and is prejudicial to the appellant. The respondents were only entitled to one bill of costs. They did not sever in their defenses, as provided in section 541 civil code, and costs could not therefore be allowed to each of them.

The judgment of nonsuit in favor of the corporation respondent should be reversed, and a new trial be had as between the appellant and corporation respondent, and said judgment be modified so as to operate as a judgment of nonsuit and dismissal of the action as to the respondent Ellis, and the part thereof in regard to costs, before referred to, be annulled.