[Filed February 26, 1891.]

## D. W. WARD *v.* TOWN OF FOREST GROVE.

20  355
41  292

MUNICIPAL CORPORATION—LIABILITY.—A municipal corporation, unless prohibited by its charter, is liable for the professional services of a physician employed by a committee assuming to act for it, when such services have been rendered, in attending persons afflicted with small-pox, within its limits, with knowledge of its officers and without notice that the contract of employment is not recognized as valid and binding, although the corporation has not in a formal manner conferred the authority on such committee to make the contract.

Washington county: FRANK J. TAYLOR, Judge.

Plaintiff appeals. Reversed.

This is an action to recover from the defendant compensation for services as a physician, rendered by plaintiff at the request of defendant, in caring for persons afflicted with small-pox, within the town. Section 32 of the act incorporating defendant among other things empowers the trustees: "To make regulations to prevent the introduction of contagious diseases into the town; to remove persons afflicted with such diseases therefrom to suitable hospitals provided by the town for that purpose; to secure the protection of persons and property therein, and to provide for the health, cleanliness, ornament, peace and good order of the town." Section

33 provides that "the power and authority given to the board of trustees by section 32 can be exercised and enforced only by ordinance unless otherwise expressly provided." (Laws of 1885, 427.) At the trial plaintiff offered to prove and offered evidence tending to show that at the time alleged in the complaint, residents and inhabitants of the town of Forest Grove, then within its limits, were afflicted with small-pox; that such people were poor and unable to procure necessary care or medical attention. These facts came to the knowledge of the board of trustees, who thereupon met and adopted a resolution appointing a committee and authorizing it to procure necessary medical and other assistance for the persons thus afflicted and to make all necessary regulations to prevent the spread of the disease. The resolution was duly recorded, and the proper record thereof offered in evidence. The plaintiff then offered to show that at the request of such committee he attended the small-pox patients as a physician, and co-operated with them to prevent the spread of the disease; that such committee took charge of the house containing those afflicted, kept guards around to prevent going to or from the house except by such pesons as they permitted; ordered food for the inmates, and established quarantine regulations; that the reasonable value of the services rendered by plaintiff is $500 and they were performed on the credit of the defendant and at its request and have not been paid. To the introduction of all this testimony, defendant by its counsel objected because the authority of the committee employing plaintiff had not been conferred by ordinance as provided in section 33 of the act incorporating defendant. The court sustained this objection, excluded the evidence, and directed a non-suit, to which ruling plaintiff duly excepted.

*Thomas H. Tongue,* for Appellant.

Where the corporation has the power to contract and has neglected some prescribed formality, it cannot plead such neglect after the contract has been performed. (10 Mass. 400; 12 Wheaton, 70; 1 Dillon, §§ 452, 459, 461, 463; Angell

& Ames, § 240; 14 Pa. St. 81; 16 Cal. 264, 273; 9 Cal. 472; 14 Or. 492; 47 Ind. 411, 413, 17 Am. Rep. 702; 21 N. Y. 127.)

But the defendant's liability does not depend on its express agreement. The law of implied contracts is as applicable to a corporation as to an individual. (1 Carter, 281; 1 Barb. 591; 14 Or. 491.)

This is done where the corporation had the power to promise and ought to have done so. (1 Dillon, 459, 460.)

Where a corporation has neglected a duty imposed by law, or has received a benefit conferred at its request, the law will not permit it to plead its own neglect to evade its liability, but will imply a contract to compensate those who performed the duty or conferrred the benefit. (9 Cal. 469; 3 Halst. 186; 2 Halst. 431; 13 Ill. 372; 7 Cranch, 304; 3 Sergt. & R. 116; 5 Ham. 23; 5 Barn. & Cress. 660; 12 Johns. 229; 14 Johns. 117; 16 Cal. 264; 22 N. Y. 258.)

It is no defense that the officers were personally liable. (5 Ham. 27; 7 Cranch, 305.)

*Stott, Boise & Stott,* for Respondent.

The charter specifies the mode in which the authority of the board of trustees can be exercised. The appellant admits there was no ordinance under which any of the services were rendered or the merchandise furnished. There was no ordinanace authorizing anyone to contract for the services or goods. (Dill. Mun. Corp. § 246.)

Persons contracting with municipal corporations must inquire at their peril into the power and authority of officers, and the extent and nature of agents' authority. (Dill. Mun. Corp. § 372.)

The law will not imply a contract to pay for services or goods furnished third persons. (Dill. Mun. Corp. § 384; 16 Cal. 255; 21 Cal. 351.)

BEAN, J.—The contention of respondent is, that while the defendant through its agents had the right and power to employ plaintiff, yet even if it did employ him, and upon the faith of said employment plaintiff rendered valuable

services for the benefit of defendant, it had not conferred the authority upon its agents in a sufficiently formal manner, and therefore is not bound to compensate plaintiff for his services. The argument is that section 33 of the defendant's charter provides the mode and manner of exercising the right "to make regulations to prevent the introduction of contagious diseases into the town," etc., and until an ordinance for that purpose has been duly passed, the town can incur no liability in respect thereto, although the services may have been rendered at the request and with the full knowledge of the town authorities. There would be much force in such an argument if the contract was executory, but here the contract has been fully executed. The defendant attempted to exercise the power given it by a formal resolution of its board of trustees, authorizing a committee to provide the necessary care and attention for its small-pox patients. The plaintiff rendered the services at the request of such committee, and with the full knowledge and consent of the town authorities, and the defendant having received the benefit of his services, should compensate him therefor. As was said by FIELD, J., in *Gas Company* v. *San Francisco*, 9 Cal. 469: "The obligation to do justice rests equally upon it as upon an individual. It cannot avail itself of the property or labor of a party, and screen itself from responsibility under the plea that it never passed an ordinance on the subject. As against individuals, the law implies a promise to pay in such cases, and the implication extends equally against corporations. This is as well settled by the authorities as any principle of law can be." So in *Fister* v. *La Rue*, 15 Barb. 323: "It is well settled, at least in this country, that when a person is employed for a corporation by one assuming to act in its behalf, and goes on, renders the services according to the agreement, with the knowledge of its officers, and without notice that the contract is not recognized as valid and binding, such corporation will be held to have sanctioned and ratified the contract, and be compelled to pay for the services according to

the agreement. Having availed itself of the services and received the benefits, it is bound in conscience to pay, and will not be heard to say that the original agreement was made by a person not legally authorized to contract." To the same effect: (*Tyler* v. *T. of T. A. & P. U.* 14 Or. 485; *Beers* v. *Dalles City*, 16 Or. 334; *Pixley* v. *W. P. R. R. Co.* 33 Cal. 183; 91 Am. Dec. 623; *Cincinnati* v. *Cameron*, 33 Ohio St. 336; *Nashville* v. *Toney*, 10 Lea, 643.) Plaintiff having rendered services as a physician in the care of small-pox patients by the request of the authorities of defendant and with their full knowledge and consent, it hardly comports with fair dealing that it should seek to exonerate itself from liability from a debt on this account, contracted as it was by and through its accredited agents, and with its affirmative acquiescence, because the forms prescribed by its charter have not been pursued, and the law will fail to effect its true end if the defense can prevail. This is not a case where the officers of the corporation have exceeded their authority, nor is it a case where the mode of contracting is specially prescribed and limited by the charter. Here the power to make all needful rules and regulations for the care of, and attention to, persons within the corporate limits afflicted with small-pox or other contagious diseases which necessarily include contracts for medical attendance, is fully and plainly conferred, and "although a particular form is prescribed which shall be the evidence of the exercise of such power, the absence of this evidence does not destroy the power." (*Cincinnati* v. *Cameron*, 33 Ohio St. 365.) The corporation had the power to make the contract with plaintiff, upon which this suit is brought, and attempted to exercise such power by a formal resolution of its board of trustees. This resolution was perhaps an irregular exercise of the power, but it accomplished the purpose intended, and, having received the benefit of plaintiff's services, the defendant should be compelled to pay him the reasonable value thereof.

Judgment reversed and a new trial ordered.