CITY COUNCIL OF NEWBURYPORT *vs.* MAYOR OF NEWBURYPORT.

Essex.    November 14, 1921. — June 26, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Mandamus. Municipal Corporations,* Officers and agents. *Newburyport.*

St. 1915, c. 267, Part III, as amended, was adopted by the voters of the city of Newburyport on November 4, 1919. It was provided by § 7 that "The council may, by a two thirds vote of all its members, taken by call of the yeas and nays, establish a salary for its members not exceeding five hundred dollars each a year. Such salary may be reduced, but no increase therein shall be made to take effect during the year in which the increase is voted." Members of the council for a term beginning January 3, 1921, voted salaries for themselves for the year 1921 and passed an appropriation for the same over the veto of the mayor. No salary for the city council had been established when they were elected or took office. Upon a petition for a writ of mandamus to compel the mayor to sign a warrant for their salaries, it was *held,* that

(1) If the petitioners were entitled by law to salary they had an adequate remedy by actions at law and therefore in no event could they maintain a petition for mandamus;

(2) The statute rightly construed did not authorize members of a city council to take the initiative in establishing salaries for themselves; that could be done only by a preceding city council;

(3) The statute did not make mandatory the payment of a salary to members of the city council, but merely permitted it;

(4) The establishment by original action of a salary where before none had existed was a making of an increase in salary, and, since it was to take effect during the year in which it was voted, it was contrary to the statute.

PETITION, filed on April 14, 1921, for a writ of mandamus addressed to the mayor of Newburyport commanding him to sign a draft or warrant for $687.50 for services of the petitioners as members of the city council of Newburyport.

The petition came on to be heard before *Braley,* J., upon the pleadings and agreed facts, material portions of which are described in the opinion, and at the request of the parties was reserved by him for determination by the full court.

*T. S. Herlihy,* for the petitioners, submitted a brief.

*N. N. Jones,* for the respondent.

RUGG, C. J.    This is a petition for a writ of mandamus by certain members of the city council of the city of Newburyport to compel the mayor to draw his warrant for payment of salary

alleged to be due them. On November 4, 1919, the voters of the city of Newburyport adopted Plan B of city charter. St. 1915, c. 267, Part III, as amended (see now G. L. c. 43, §§ 56–63). The city election under this plan on these facts was required to be held on the third Tuesday of December, 1919, and the city government inaugurated on the first Monday of January, 1920. St. 1915, c. 267, Part I, §§ 15, 17. It must be presumed that there was compliance with the statute. The petitioners were members of the city council for a term beginning January 3, 1921. It was provided by said c. 267, Part III, Plan B, § 7 (see now G. L. c. 43, § 62), that "The council may, by a two thirds vote of all its members, taken by call of the yeas and nays, establish a salary for its members not exceeding five hundred dollars each a year. Such salary may be reduced, but no increase therein shall be made to take effect during the year in which the increase is voted." No salary for the city council was established at the time any of the petitioners were elected or took office. The council voted salaries for themselves for the year 1921 and passed an appropriation for the same over the veto of the mayor.

It is plain that the petitioners cannot maintain mandamus. If they are entitled by law to salary, actions at law may be maintained therefor. Since that remedy exists, resort cannot be had to this form of relief. *Daly* v. *Mayor of Medford, ante,* 336, where the authorities are collected. Although decision might be rested on this and other grounds, yet since the case has been fully argued on its merits and the judgment would be the same in any event, there appears "to be no objection to stating the grounds of substantive law which seem to us to support the result." *Browne* v. *Turner,* 176 Mass. 9, 12.

The statute rightly construed does not authorize members of a city council to take the initiative in establishing salaries for themselves. That can only be done by a preceding city council. There was no salary attaching to the office of member of the city council when the plaintiffs were elected and assumed the duties of their several offices. The statute does not make mandatory the payment of a salary to members of the city council, but merely permits it. In the same section it is enacted that "The mayor shall receive for his services such salary as the city council . . . shall determine," language significantly different from that

used as to salary for members of the city council. It is an unusual grant of power to enable members of a city council to fix their own salaries. Clear words must be used to express such an extraordinary purpose.

To establish by original action a salary where hitherto none whatever existed is to make an increase. It augments the income of the recipient. An increase to take effect during the year in which it is voted is contrary to the statute. The statute as a whole makes plain the legislative intent to remove from members of the city council the temptation to put their selfish personal interests above the public welfare in determining the amount of their salaries. It would do as much violence to this manifest design of the General Court to permit a city council to establish in the first instance salaries for themselves as to increase for their own benefit those previously established. *Barrus* v. *Engel,* 186 Mich. 540. *Garvie* v. *Hartford,* 54 Conn. 440. *State* v. *Mayor & Aldermen of Jersey City,* 5 Vroom, 429.

The case at bar is quite distinguishable from *Mayor of Cambridge* v. *Cambridge,* 228 Mass. 249.

It is unnecessary to consider whether the vote also was in violation of the budget provisions of the municipal indebtedness act. See *Flood* v. *Hodges,* 231 Mass. 252.

*Petition dismissed.*