COUNTY COMMISSIONERS OF THE COUNTY OF ESSEX & others
*vs.* MAYOR OF NEWBURYPORT & others.

Essex.    March 25, 1925. — May 21, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Essex County Tuberculosis Hospital.    Mandamus.*

St. 1924, c. 443, §§ 1, 3, confer upon the county of Essex a right of action in contract to recover from the city of Newburyport the assessment made in § 3 with reference to the tuberculosis hospital of the county of Essex; and therefore a petition for a writ of mandamus cannot be maintained against the municipal officers of Newburyport to enforce such payment.

It is the settled rule of practice that the extraordinary remedy provided by a writ of mandamus will not be permitted where there is other relief afforded either by common law or by special provisions of statute.

PETITION, filed in the Supreme Judicial Court for the county of Essex on January 26, 1925, and afterwards amended, by the county commissioners of the county of Essex, the trustees of the Essex County tuberculosis hospital district, and the county of Essex against the mayor, members of the municipal council, treasurer and auditor of Newburyport, and the city of Newburyport for a writ of mandamus "commanding the individual respondents to perform the duties encumbent upon them under the provisions of the municipal finance act, said St. 1924, c. 443, and any and all other existing laws necessary to raise and appropriate said sum of $22,288.54 and to pay the same forthwith to the treasurer of the Essex County tuberculosis hospital district as required by said St. 1924, c. 443, together with such interest as may be due upon said sum, and to comply further with all the statutory requirements relative to the cost, maintenance, operation and repair of the said Essex County tuberculosis hospital incurred after January 1, 1925."

The respondents demurred on the following grounds:

"1. The petition sets out no ground for the issue of a writ of mandamus.

"2. If any sums are payable by the respondents or any of them to the petitioners by reason of the matters referred to in the petition, such sums may be recovered in an action of contract which is an adequate remedy for that purpose."

The demurrer was heard by *Sanderson*, J., and was sustained, and the petition was ordered dismissed. The petitioners alleged exceptions.

*S. Parsons*, (*J. J. Leonard* with him,) for the petitioners.

*R. G. Dodge*, for the respondents.

RUGG, C.J. This is a petition for a writ of mandamus. It is brought by the county commissioners of Essex County and the county itself, against the city of Newburyport, its mayor, city council, city treasurer and city auditor. The purpose of the petition is to enforce payment by the city to the county of the assessment required of the city of Newburyport with reference to the tuberculosis hospital of the county of Essex by St. 1924, c. 443. Prior to 1924 no contribution toward the cost of the tuberculosis hospital had been required of the city of Newburyport. Spec. St. 1917, c.107. By St. 1924, c. 443, that city, together with Lynn, Lawrence, Haverhill, and Salem, was included within the Essex County tuberculosis hospital district and rendered liable to assessments therefor. The material provisions of § 3 of the last mentioned act are these: "By reason of the admission under section one of this act of said cities of Lynn, Lawrence, Haverhill, Salem and Newburyport to the enlarged tuberculosis hospital district thereby constituted, the total amount to be assessed on the said cities on account of their respective shares of the total cost of the said tuberculosis hospital to the date of the passage of this act shall be five hundred and ninety thousand forty dollars and eight cents, divided as follows: — . . . Newburyport, twenty-two thousand two hundred and eighty-eight dollars and fifty-four cents; and said assessments . . . shall be paid over to the treasurer of the hospital district on or before December thirty-first of the current year."

It is provided in § 1 that "For the purpose of caring for the inhabitants of the cities and towns within the county of Essex who are suffering from tuberculosis, all of said cities and towns shall constitute the Essex County tuberculosis

hospital district, hereinafter called the district, and shall, except as herein provided, be subject to all the provisions of general law relating to the care of persons suffering from tuberculosis as set forth in sections seventy-eight to ninety, inclusive, of chapter one hundred and eleven of the General Laws, and the costs of maintenance, operation and repair of the Essex County tuberculosis hospital incurred after January first, nineteen hundred and twenty-five shall be assessed on all the cities and towns constituting the district as enlarged by this section in accordance with their valuations used in assessing county taxes. Section eighty-five of said chapter one hundred and eleven shall, so far as applicable, apply to assessments so made." This § 1 is comprehensive. The reference therein contained to §§ 78–90 of G. L. c. 111 imports them into said section; and they are to be given as much force and effect as if printed at length. They contain extensive requirements for the care of tuberculosis patients including the construction of appropriate buildings therefor, as well as the maintenance and operation of such hospitals after their construction. The first clause of § 1 of said c. 443 is not constricted to a narrow definition of care which might include only the actual attention to patients in an existing hospital, but is to be given a broader signification, so as to comprehend everything from the construction of an appropriate building to the actual provision for the treatment of the inmates of such an institution. The second clause of that section is restricted to the "costs of maintenance, operation and repair" of the hospital from and after January 1, 1925. The final sentence of that section, referring to G. L. c. 111, § 85, is not superfluous. General Laws, c. 111, § 83, made special provision respecting the collection of assessments for the initial cost of the hospital among the cities and towns of the district, and directed the county commissioners to "issue a warrant" against any town refusing to pay on notice of the amount assessed. Section 85 gives the county the right thirty days after a written demand for payment, to "recover in contract against any town liable to pay any part of the cost of construction, maintenance or repair of said hospital the amount

for which it may be liable." While it is possible that without the special reference to said § 85 the right of action by contract might have been by the construction of the act included within the earlier provisions of the section, the special reference to said § 85 does not cut down or narrow the earlier provisions. A strict grammatical construction and narrow definition of this section might reveal some defects in rhetorical composition, but the main purpose of the Legislature seems plain. The scope of said c. 443 covers at least two main objects, (1) the enlargement of the Essex County tuberculosis hospital district with the incidental assessment of their due proportion of the initial costs of construction upon the municipalities thus added to the district; and (2) the assessment of all costs of maintenance, operation and repair of the hospital after January 1, 1925, upon the several municipalities in the enlarged district. It well may have been thought by the framers of said c. 443 that the reference to G. L. c. 111, §§ 78–90, provided method of collection of the assessment levied by the General Court itself in § 3 of said c. 443, while the final sentence of § 1 of that chapter as to "assessments so made" referred to the immediately preceding requirement that the "costs of maintenance, operation and repair of the . . . hospital . . . shall be assessed . . ." Whatever may be the correct grammatical analysis of said § 1, its plain purpose and effect as a whole is to confer upon the county every remedy for the collection of the assessment provided by G. L. c. 111, §§ 78–90, including § 85. Said c. 443 properly construed, therefore, confers the right of action by contract upon the county to recover the assessment here sought to be collected.

It is the settled rule of practice that the extraordinary remedy provided by a writ of mandamus will not be permitted where there is other relief afforded either by common law or by special provisions of statute. *Selectmen of Lexington* v. *Mulliken*, 7 Gray, 280. *Wheelock* v. *Auditor of Suffolk County*, 130 Mass. 486. *Perry* v. *Hull*, 180 Mass. 547. *Daly* v. *Mayor of Medford*, 241 Mass. 336, 339, and cases there collected. *City Council of Newburyport* v. *Mayor of Newburyport*, 241 Mass. 575. *Decatur* v. *Auditor of Peabody*, 251 Mass. 82.

No exigency is made out on this record which justifies a departure from this general principle. It cannot be doubted that the public interests involved in an action of contract brought to enforce the rights of the county would be given proper consideration in advancing the cause for speedy hearing.

*Exceptions overruled.*