[Argued May 28; decided June 28, 1894.]

## UNION COUNTY *v.* HYDE.

### HYDE *v.* UNION COUNTY.

[37 Pac. Rep. 76.]

1. FEES OF DISTRICT ATTORNEY — ADJUDICATION OF ACCOUNT BY CIRCUIT COURT — CODE, § 1074.— The action of the circuit court, under section 1074, Hill's Code, in ascertaining the district attorney's fees, and ordering them paid, is not a final adjudication, as in such case the court acts only in an auditing capacity, and a county may recover from the district attorney so much of the amount allowed and paid as was unauthorized by law.

2. FEES OF DISTRICT ATTORNEY — NOT TRUE BILLS — CODE, §§ 1073, 1210.— Under section 1073, Hill's Code, prescribing the district attorney's fees in criminal actions, he is not entitled to fees for "not true bills" returned by the grand jury, as, under section 1210, a criminal action is commenced only when an indictment is found, and filed with the clerk.

3. DISTRICT ATTORNEY — COSTS AND FEES — CODE, § 1073.— The district attorney is not entitled to a separate fee for each of several defendants who are jointly indicted for the same offense and jointly tried, under section 1073, Hill's Code, providing for fees in a criminal action.

4. DISTRICT ATTORNEY — COSTS AND FEES — CODE, § 2167.— The district attorney is not entitled to a separate fee for each of several defendants arrested and examined before a committing magistrate, for, under section 2167, Hill's Code, he is allowed a fee for attending and conducting an examination before a committing magistrate, without regard to the number of defendants.

APPEAL from Union: MORTON D. CLIFFORD and JAMES A. FEE, Judges.

In the case of *Union County* v. *Hyde,* the complaint alleges that while the defendant was district attorney of the sixth judicial district in Union County he presented to the circuit court of said county, at the October term, eighteen

hundred and ninety-three, his bill for services performed at that term, both before the grand jury and before the court, amounting to five hundred and ninety-two dollars; that thereupon said court made and entered an order allowing said bill as claimed, and that defendant immediately thereafter drew that amount from the county treasury. It is further alleged that a large part of said sum so allowed and drawn was in excess of any amount due said Hyde, and was illegal, in that the same was a charge for services in connection with certain "not true bills" of indictment returned by the grand jury, and for services in prosecuting certain persons who were jointly indicted with one H. C. Cottner, and tried jointly with him. A demurrer because the complaint did not state a cause of action was sustained by the court, and the plaintiff appeals.

The case of *Hyde* v. *Union County* is a controversy submitted without action under sections 257 and 258, Hill's Code. It appears that fifty-two persons were arraigned before a justice of the peace in Union County charged with riot, and the district attorney, Hyde, conducted the preliminary examination in person on behalf of the state, and claimed the sum of five dollars for appearing against each defendant. The county court allowed only five dollars for conducting the entire examination, which ruling was reversed on the agreed case before the circuit court, and the county appeals.

The two cases have been argued and tried together, and in the decision are treated as one.

REVERSED.

*Mr. R. Eakin,* for Appellants.

*Is the allowance of the bill by the circuit judge judicial or final? First,* the circuit judge, in making an order ascertaining the bill of the district attorney under section 1074 of the Code, acts as an auditing officer, and his decis-

ion thereon is not judicial: *State* v. *Brown*, 10 Or. 215. *Second*, the order of the court allowing the bill is only *prima facie* evidence of the amount due: *Board* v. *Summerfield*, 36 Ind. 543; *State* v. *Miller* (Ind.), 5 West. Rep. 215. *Third*, his order is the same as an order of the county court in auditing claims against the county, and not judicial: *Marion County* v. *Phillips*, 45 Mo. 75; *Washington County* v. *Parker*, 4 Gil. 235. *Fourth*, there is a distinction to be maintained between allowance of fees by a court which are fixed by statute, and the determining of the amount of fees provided for by law, but the amount not determined by statute. In the latter case, the allowance by the court is to some extent judicial, but in the former it is only ministerial: *Waters* v. *United States*, 21 Court of Claims, 30; *Crossen* v. *Wasco County*, 10 Or. 111; *People* v. *Supervisors*, 14 Barb. 52. The claim of the defendant here is for fees fixed by statute, and those not fixed by statute are wholly unauthorized; hence the action of the court is only ministerial as to those fixed by statute, and is ministerial and void as to any items for which fees are not provided by statute. But if the order of the court allowing the claim is judicial and final, yet it is void as to any items not authorized by statute for want of jurisdiction: *State* v. *Brown*, 10 Or. 215; 3 Starkie on Evidence, § 1150; *State* v. *Hastings*, 10 Wis. 525.

*Fees for grand jury work: First*, under section 1073 of Hill's Code, which is the only section of the Code which provides for fees to the district attorney, the first three subdivisions of the section provide the fees the district attorney shall receive: "In criminal actions * * * if convicted * * * or if acquitted." All the other provisions of this section relate to civil cases, and by none of these provisions is he entitled to fees for work done before the grand jury, or for "not true bills" returned by that body. *Second*, section 2304, Hill's Code, as amended

(Laws, 1889, p. 132), provides that the district attorney shall receive an annual salary from the state of five hundred dollars, and five dollars for each day's attendance of himself or his deputy before the grand jury or the circuit court. *Third,* counties are not responsible for fees of officers, except in case of a law requiring or providing for suit fees: *Crossen* v. *Wasco County,* 6 Or. 215; *State* v. *Brewer,* 59 Ala. 130; *People* v. *Supervisors,* 14 Barb. 52.

*Fees charged for defendants tried on joint indictment: First,* subdivision 2 of section 1073 of Hill's Code provides for fees on trial for felony, thus: ''In a criminal action * * * if defendant is convicted, fifteen dollars; if acquitted, one half thereof.'' When there are several defendants charged in one indictment, and all tried together, it cannot be termed a separate "criminal action" as to each defendant. *Second,* a district attorney is entitled to but one fee on conviction of two defendants under one indictment, where there is but one finding and one judgment: *In re Murphy,* 22 Mo. App. 476; 4 West. Rep. 316.

*Mr. Thos. H. Crawford,* for Respondent.

PER CURIAM.    The questions in this case are:—

1.  Is the action of the circuit court, under section 1074, Hill's Code, in ascertaining the fees to which the district attorney is entitled, and directing an order to be entered upon the journal that the same be paid, a final adjudication, so as to prevent a county which has paid the amount so allowed from recovering so much thereof as was unauthorized by law? We are of the opinion that in such case the court acts in an auditing capacity, or as auditor, and, while the sums allowed are *prima facie* evidence as to the amounts due the district attorney, the order is not to be regarded as conclusive, and, therefore, in our opinion,

a county has a right to recover from the district attorney, as for money had and received, so much of the amount thus allowed and paid as was unauthorized by law,

2.   Is a district attorney entitled to fees for "not true bills" returned by a grand jury? We think not. The statute (section 1073) prescribing his fees limits them to "criminal actions," and by section 1210 a criminal action in the circuit court is commenced when an indictment is found by the grand jury, and duly filed with the clerk of the court. We are of the opinion that his salary and per diem are intended to compensate him for work of the character indicated.

3.   Where several persons are jointly indicted for the same offense, and jointly tried, is the district attorney entitled to a separate fee for each defendant? We think not. The statute provides for fees in a criminal action, and in the case stated there is but one criminal action, one trial, and one judgment, although there may be several defendants.

4.   Where several persons are arrested and examined before a committing magistrate, is the district attorney who appears for the state entitled to a separate fee for each defendant so arrested? We think clearly not. By statute (section 2167, Hill's Code,) he is allowed a fee for attending and conducting an examination before a committing magistrate, without regard to the number of defendants. Judgment will be entered accordingly.

REVERSED.