[No. 3078.   Decided April 22, 1899.]

CHEHALIS COUNTY, *Respondent,* v. J. A. HUTCHESON,
*Appellant.*

COUNTIES—CONTRACTS UNDER INVALID LAW—ESTOPPEL.

The fact that county commissioners entered into a contract
with the county superintendent for certain services and audited
and allowed his claims therefor, by virtue of the authority of a
statute which was subsequently declared unconstitutional, would
not estop the county from disputing the validity of the warrants
issued in payment of such claims, since the contract would be
void *ab initio* by reason of the original lack of authority upon the
part of the commissioners.

Appeal from Superior Court, Chehalis County.—Hon.
CHARLES W. HODGDON, Judge.   Affirmed.

*J. A. Hutcheson,* for appellant:

It is an equitable and just rule that where there is a
doubt in regard to the construction of a statute regarding
the compensation of officers, the construction most favor-
able to the officer should be adopted.   *United States v.
Averill,* 4 Utah, 416; *United States v. Morse,* 3 Story, 87;
*Butler v. United States,* 23 Ct. Cl. 162.   No law should
be adjudged unconstitutional, unless clearly in violation
of the constitution.   *Nelson v. Troy,* 11 Wash. 435;
*Reeves v. Anderson,* 13 Wash. 17; *Lytle v. Halff,* 12 S. W.
610; *People v. Supervisors,* 17 N. Y. 241.   A law allow-
ing an officer his expenses and disbursements is not in
violation of constitutional provisions requiring compensa-
tion by salary, or forbidding an increase of salary during
his term, even if enacted after he has entered upon the
duties of his office.   *Briscoe v. Clark County,* 95 Ill. 309;
*La Salle County v. Milligan,* 143 Ill. 321; *State v. Cun-
ningham,* 51 N. W. 1133; *State v. Holladay,* 67 Mo. 64.

All the rules of equitable estoppel should be applied to

the county as to an individual. 2 Dillon, Municipal Corporations, § 675; *Cincinnati v. Evans,* 5 Ohio St. 594; *Chicago & N. W. Ry. Co. v. People,* 91 Ill. 254. This is especially so where the county has encouraged the expenditures. *Waterloo v. Union Mill Co.,* 72 Iowa, 440; *Logan County v. Lincoln,* 81 Ill. 159; *Commissioners of Lucas County v. Hunt,* 5 Ohio St. 488 (67 Am. Dec. 303). Decisions of the higher courts have no such *ex post facto* effect as to invalidate settlements and contracts made in compliance with a law in force when they are made, even though such law is thereafter adjudged invalid. *Bank of United States v. Daniel,* 12 Pet. 32 (9 L. ed. 989); *Lyon v. Richmond,* 2 Johns. Ch. 51; *Cooley v. Calaveras County,* 53 Pac. 1075.

*W. H. Abel,* Prosecuting Attorney, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Action by Chehalis county to enjoin the payment of county warrants issued to appellant as county superintendent in payment for visiting county schools. Appellant was superintendent of the county schools of the county from January, 1893, to January, 1897, and during that time filed itemized claims for which the warrants in question were issued, claiming three dollars for each school visited, and mileage at the rate of ten cents per mile for each mile necessarily traveled in making such visits. There is no controversy here with reference to mileage. The claims were regularly allowed by the board of county commissioners and warrants issued thereon by the auditor. The complaint alleges that the warrants, so far as based on the visits, were void, and prays to have them adjudged void and canceled. A demurrer to the complaint was overruled and the answer set up that the visits were made and the distance traveled at great expense, as charged

in the respective claims; set up that the county embraced
a large area of heavily timbered country, traversed by
many rivers; that the roads were poor, and that it was
very expensive traveling; and also that the board of county
commissioners had represented to appellant that he would
be paid the three dollars for each school visited; that it
had been the custom of the commissioners to allow such
payment to the county superintendent and allow such
claims from time to time, and that appellant, relying on
the provisions of the law then in force and the representa-
tions of the board of commissioners and of like boards
throughout the state, made the visits to the schools of his
county as often as necessary. The superior court adjudged
the warrants which are unpaid, in so far as they are based
on charges of three dollars for each school visited, to be
void and canceled.

In the case of *Cox v. Holmes,* 14 Wash. 255 (44 Pac.
262), decided in March, 1896, it was determined that,
under art. 11, § 8, of the constitution, providing that the
legislature shall fix the compensation by salaries of all
county officers except certain enumerated ones, the pro-
visions contained in Laws 1890, p. 361, § 17, providing
that the county superintendent shall receive compensation
at the rate of three dollars for each school visited, are
invalid. But the main contention of appellant here is
that, though the statute directing the allowance by the
county board of three dollars for each school visited was
invalid, because in conflict with the constitution, yet the
county board having agreed before the services were per-
formed to make such allowance, and having thereafter
duly audited and allowed appellant's claim, the subsequent
decision that the statute was unconstitutional should not
affect the validity of his warrants, and contends that the
county is estopped from questioning their validity.
Authorities are cited approving the principle that, when

contracts are made by individuals under an invalid law, the subsequent declaration of its invalidity will not change the relation of the parties under the contract, and that an estoppel arises in favor of the one claiming rights under such contract, and that, where such contracts are performed, the subsequent declaration of the invalidity of the statute will not affect the parties to them; and this is undoubtedly the rule. But a different question is presented here. If there is an original lack of authority upon the part of the board of county commissioners to make an agreement to pay for visiting schools, then such contract is void *ab initio;* and likewise if there existed no power on the part of the board to allow appellant's claim of three dollars for each school visited, it is void, and the county is not estopped. The ground of this rule is that the acts of its officers are unauthorized and void, and that one dealing with them is bound to take notice of the extent of their powers. In 2 Herman on Estoppel, p. 1365, it is observed:

" The true principle in such cases is well settled that one cannot do indirectly, what cannot be done directly, and, where there is no power or authority vested by law in officers or agents, no void act of theirs can be cured by aid of the doctrine of estoppel. Where there is power, and it is irregularly exercised, or there are defects and omissions in exercising the authority conferred by law, the doctrine of equitable estoppel may well be applied by courts."

In the case at bar the board of county commissioners, the agents of the county, were without authority, because restricted by the constitution, to make a contract with appellant to pay him three dollars for each school that he visited. The same want of authority existed to audit and allow a claim for such services under the invalid statute; and under well settled principles, from which the court

cannot depart, the county is not estopped by the unauthorized acts of its agents.

The judgment of the superior court is therefore affirmed.

DUNBAR, FULLERTON and ANDERS, JJ., concur.