[No. 3476.　Decided July 14, 1900.]

J. A. JAMES, *Appellant,* v. THE CITY OF SEATTLE *et al.,*
*Respondents.*

MUNICIPAL CORPORATIONS—EXPENSES OF COUNCILMEN—LIABILITY
OF CITY.

Expenses incurred by a member of the city council in visiting other cities, under the authority of the city council, for the purpose of securing information upon the subjects of water works, street paving, street lighting, terminal facilities and other municipal matters, are not necessary expenses incurred in the performance of official duties, and the city cannot be made liable therefor, although the claim for such expenses may have been audited and ordered paid by the council.

SAME—ILLEGAL EXPENDITURES—REFUSAL OF COMPTROLLER TO SIGN
WARRANT.

Where the city council is without power to authorize the payment of a claim, the city comptroller is warranted in refusing to countersign a warrant ordered drawn by the council in payment of the claim.

Appeal from Superior Court, King County. — Hon.
WILLIAM HICKMAN MOORE, Judge. Affirmed.

*John K. Brown,* for appellant:

This claim of plaintiff had been recommended for allowance by the auditing committee, and the council, upon that recommendation, had ordered it paid. The auditing committee and the council had jurisdiction, the one to recommend its payment, and the other to determine whether or not it should be paid. This jurisdiction has been exer-

cised and the determination is final and conclusive so far as any ministerial officer is concerned. *McConoughey v. Jackson,* 101 Cal. 265 (35 Pac. 863, 40 Am. St. Rep. 53); *McFarland v. McCowen,* 33 Pac. 113; *In re Freel,* 42 N. E. 586; *People v. Fitch,* 41 N. E. 695; *Commonwealth v. Philadelphia,* 35 Atl. 195; *Falk v. Strother,* 22 Pac. 676; *Id.,* 24 Pac. 110.

These acts having been performed and the expense incurred by authority of the city, in good faith, and in furtherance of the city's express powers, as well as to its advantage, plaintiff is entitled to reimbursement. Mechem, Public Officers, § 877 et seq.; *Kelso v. Teale,* 39 Pac. 948; *Cushing v. Stoughton,* 6 Cush. 389; *Bancroft v. Lynnfield,* 18 Pick. 566 (29 Am. Dec. 623); *Nelson v. Milford,* 7 Pick. 18.

*W. E. Humphrey* and *Edward Von Tobel,* for respondents:

The only theory upon which the appellant seeks to recover in this case is that it was necessary expense, expended in the performance of his duty. As to what are necessary expenses is fully discussed in the following authorities: *Minot v. West Roxbury,* 112 Mass. 1 (17 Am. Rep. 52); *Stetson v. Kempton,* 13 Mass. 272 (7 Am. Dec. 145); *Austin v. Coggeshall,* 34 Am. Rep. 648. Officers of a municipal corporation can only recover such expenses as are incurred strictly in the line of their duty. *Gregory v. Bridgeport,* 19 Am. Rep. 485; *Halstead v. Mayor,* 3 N. Y. 430; *In re Taxpayers and Freeholders of Plattsburgh,* 50 N. Y. Supp. 357; *Henderson v. Covington,* 14 Bush, 312. It is a defense to a suit in mandamus to show that the act was illegal. *Graham v. State,* 66 Ind. 386; *Keller v. Hyde,* 20 Cal. 594; *Chalk v. White,* 4 Wash. 156.

The opinion of the court was delivered by

REAVIS, J.—In October, 1898, the city council of Seattle passed an ordinance providing, "that a special committee consisting of the whole membership of the city council, or so many members as may be able to serve, and such executive officers as may be chosen by the city council, be and hereby are appointed to visit the cities of Duluth, West Superior, St. Paul and Minneapolis, Minn., Great Falls, Mont., Spokane, Wash., and such other cities as may be deemed advisable by said committee, for the purpose of securing information upon the matters referred to in the preamble of this ordinance." The matters referred to in the preamble were "waterworks, street paving, street lighting, terminal facilities, and other municipal matters which are now, and constantly will be, coming before the legislative and executive departments for consideration." The appellant, with other members of the city council and some other city officers, in October, 1898, visited St. Paul, Minneapolis, Duluth, West Superior, and Spokane, for the purpose of investigating and securing information concerning the matters mentioned in the preamble of the ordinance, and made necessary expenditures for his transportation, board, and lodging. In November, 1898, he filed with the secretary of the auditing committee his claim against the city for such expenditures. The claim was duly and regularly audited, reported to the council and approved, and an ordinance adopted directing a warrant to be drawn for appellant's claim, with others, and appropriating money from the general fund to pay the same. The warrant was drawn in appellant's favor for the amount, and signed by the mayor. But the respondent Parry, city comptroller, refused to countersign the same, and the defendant city refused to deliver the warrant to appellant. The suit was brought to procure a peremptory

writ of mandate to compel the respondent Parry, as city comptroller, to countersign and to compel the city to deliver to plaintiff the warrant. The respondents demurred to the affidavit for the writ on the ground that it does not state facts sufficient to constitute a cause of action, or to entitle plaintiff to the relief therein prayed for. The demurrer was sustained, and the appeal is from the order sustaining the demurrer and the judgment entered in favor of respondents.

It is urged here by counsel for appellant that the comptroller is a ministerial officer and has no discretion in the discharge of his duties. The city charter provides that he shall countersign all warrants upon the treasury. Several authorities are cited to support appellant's contention. The case chiefly relied upon is that of *McConoughey v. Jackson,* 101 Cal. 265 (35 Pac. 863, 40 Am. St. Rep. 53). In that case the plaintiff applied for a writ to compel the city clerk to issue a warrant for a claim for expenses incurred by him in procuring, at the request of the city, through the trustees thereof, counsel and legal services for the city. The bill was approved by the trustees and ordered paid. One of the defenses set up by the clerk was a denial of the indebtedness. With reference to this the court observed:

" The law has not constituted the clerk either the guardian of the board of trustees or an appellate court to pass upon the facts once decided by the board. The claim was one which the board of trustees had jurisdiction to hear and determine. Such determination was a judicial act, and involved a determination of the fact of indebtedness, and when so determined, whether right or wrong, its action was binding upon the clerk."

Counsel maintains that the subject of waterworks, street paving, street lighting, terminal facilities, and other municipal matters comes within the control of the city

42—22 WASH.

council, and that members of the council are bound to use their best endeavors in behalf of the taxpayers, by giving them the best results in the most economical manner, and that it is the duty of councilmen to inform themselves concerning all matters which come before them, that they may act intelligently for the benefit of the city. It is true, the members of the city council owe the public duty to the city to exercise their best faculties in its interest. The compensation of a member for his official duties as councilman may be determined and fixed, and cannot be changed during his incumbency of office. If the members of the council, upon their tour of inspection, were in the discharge of their official duties, the restriction upon additional compensation applies. *Tacoma v. Lillis,* 4 Wash. 797 (31 Pac. 321, 18 L. R. A. 372).

The only ground, then, upon which compensation could be sustained, would be that of necessary expenses incurred in the performance of official duties. Necessary expenses must be such as are strictly essential to municipal purposes. This principle is well established. 1 Dillon, Municipal Corporations (4th ed.), §§ 89-91; 19 Am. & Eng. Enc. Law, 541.

Judge Cooley, in his work on Taxation, p. 209, observes:

" In the construction of any grant of the power to tax made by the state to one of its municipalities, the rule which is accepted by all the authorities is, that it should be with strictness. The reasonable presumption is held to be, that the state has granted in clear and unmistakable terms, all it has intended to grant at all; and whatsoever authority the municipal officers assume to exercise, they must be able to show the warrant for in the words of the grant."

And we think the rule thus announced is the established one, and in consonance with all sound authority. The members of the city council are trustees. The body holds

a trust for the inhabitants of the city. The terms of the trust are fixed by legislation, and no expenditure of money belonging to the city can be made without express authority, or implied authority by reason of a necessary granted power. Where this authority does not exist, the council is without power to authorize the payment of the claim against the city; and, upon sound principle, it cannot be conceded that the council had the power to authorize the payment of the claim of appellant.

To the objection that the comptroller cannot defend against the suit, it is sufficient answer that the other principle has been established by this court. *Chalk v. White,* 4 Wash. 156 (29 Pac. 979). Where the council is without power to authorize the payment of the claim, the officer may properly refuse to countersign the warrant directing the payment of such claim.

The judgment is affirmed.

DUNBAR, C. J., and FULLERTON, J., concur.

ANDERS, J., not sitting.