H. R. HONEY v. THE BOARD OF COUNTY COMMISSIONERS OF JEWELL COUNTY.

No. 12,483. (70 Pac. 333.)

SYLLABUS BY THE COURT.

1. COUNTY PRINTING—*Allowance for Ballots.* Under section 2708, General Statutes of 1901, one who furnishes ballots to a county for use at a general election in an even-numbered year is entitled to receive pay therefor at the rate of thirteen dollars per thousand or fraction thereof, when there are as many as six tickets on the ballot. In the whole bill against the county for ballots furnished there can be included a charge for but one fractional part of 1000 ballots supplied.

2. ———— *Excessive Allowance may be Recovered.* An excessive allowance made to a party by a board of county commissioners for printing and supplying ballots may be recovered back by the county in an action in the name of the commissioners. The payment of an illegal claim is not binding on the county.

Error from Jewell district court; R. M. PICKLER, judge. Opinion filed October 11, 1902. Affirmed.

*T. S. Kirkpatrick,* and *G. H. Bailey,* for plaintiff in error.

*R. H. McBride,* for defendants in error.

The opinion of the court was delivered by

SMITH, J. : .Plaintiff in error entered into a contract with the commissioners of Jewell county for the printing of the ballots to be used at the general election of 1898, and did print 17,200 thereof.   There were six tickets printed on each official ballot for use in twenty-five townships.   He was entitled to charge $13 per thousand or fraction thereof. (Gen. Stat. 1901, § 2708.) He printed less than a thousand for use in each of the townships except three.   For these three he printed and furnished 1150 each.   In presenting his bill to the county for the work and material he did not charge in gross for the work, that is, so much for so many thousand ballots or fraction of a thousand, but divided the ballots up between the twenty-five different townships, and doubled his claim by charging for a fraction of one thousand for each separate township. Thus, he charged $13 for 700 ballots for Jackson township, the same amount for 550 for Sinclair township, $26 for 1150 ballots for Buffalo township, and the same amount for Center and Burr Oak townships.   He was allowed by the board $364, and a warrant was drawn therefor, and paid by the county treasurer.

This action was brought under section 1649. General Statutes of 1901, to recover back the amount of the illegal allowance.   It is claimed by the county that the defendant below was entitled to be paid the sum of $13 per thousand for 17,000 tickets, and $13 more for 200 additional, or a total amount of $234 only.   Judgment was entered against the defendant below for $130, together with $130 penalty, and $25 attorneys' fees, under section 1649 of the statute, *supra.*

It is contended that the county could not maintain the action for the reason that the tickets were printed

for the townships, and that they alone were interested. This position is untenable. Section 2708, General Statutes of 1901, provides that "the county clerks in their respective counties shall have charge of the printing of the ballots, and the county commissioners shall have the letting of the contracts therefor." While the expense is to be apportioned to the townships, and charged to their general funds, under section 2694, yet the county is primarily liable to the person furnishing the ballots, and his right of action against the county to recover any amount due him therefor would not be affected by the fact that the townships were the beneficiaries of his labor. In *Comm'rs of Jackson Co. v. R. S. Craft et al.*, 6 Kan. 145, it was held that the county might maintain an action against its treasurer for a misappropriation of the funds of a township or school district. See, also, *Myers v. Kiowa Co.*, 60 Kan. 189, 56 Pac. 11.

We are clear that the plaintiff in error, in making his claim against the county, could not separate the items of his bill by charging to each township a fraction of a thousand ballots, and receive $13 pay for each of such fractions. The statute means that, if, in the whole number of ballots furnished to the county clerk for use at the election, there shall be a fraction of a thousand over the total number of thousands supplied, then the printer shall receive $13 for that fraction, when there are as many as six tickets printed on the ballot.

Counsel for plaintiff in error contend that the allowance of the claim was a judicial act by the board of county commissioners, and that the matter is now *res judicata*. In the case of *Commissioners of Leavenworth v. Keller*, 6 Kan. 510, the law was held to be otherwise.

It was the duty of the county commissioners to allow to the plaintiff in error legal fees only, and if he received more than was allowed to be charged by statute, he is liable therefor to the county.

We see no error in the judgment and it is affirmed.

All the Justices concurring.