[No. 10823. Department One. February 24, 1913.]

THE COUNTY OF LEWIS, *Respondent*, v. D. W. MONTFORT, *Appellant*.[1]

COUNTIES—COUNTY BOARD—SALARIES OF OFFICERS—DETERMINING CLASSIFICATION OF COUNTY—CONCLUSIVENESS. The board of county commissioners acts in *quasi* judicial capacity in ascertaining by proof and determining the number of inhabitants in the county upon which the law fixes the salaries of county officers; and the order of the board, not questioned by appeal or writ of certiorari, is conclusive of the fact and of the proper classification of the county, and is a complete protection to a county officer in accepting the salary allowed him thereby.

COUNTIES—COUNTY OFFICERS—SALARIES—RECOVERY OF EXCESS SALARY. The acceptance by a county officer of a smaller salary, after the court has set aside the action of county commissioners in determining the classification of the county, does not affect his right to retain the larger salary paid to him under the order of the board of county commissioners.

Appeal from a judgment of the superior court for Lewis county, Rice J., entered January 24, 1912, in favor of the

[1]Reported in 130 Pac. 115.

plaintiff, upon overruling a demurrer to defendant's answer, in an action to recover money paid.   Reversed.

*Will H. Thompson,* for appellant.

*Forney & Ponder,* for respondent.

Gose, J—The plaintiff, the county of Lewis, brought this action to recover a portion of salary theretofore paid to the defendant as county clerk of that county.   The complaint alleges that the defendant was elected county clerk of Lewis county at the general election held on the 3d day of November, 1908, for the term commencing on the 11th day of January, 1909; that, prior to the date of the election, the county had been legally ascertained to be a county of the thirteenth class; that, on the 17th day of February, 1909, the board of county commissioners of Lewis county, acting illegally, found that the county, on the 1st day of November, 1908, had, and then had, a population of more than 36,000 inhabitants, and caused an order to that effect to be entered upon its records, and "attempted" by such order to raise the classification of the county from the thirteenth to the seventh class, the order to take effect as of the 1st day of November, 1908; that on the 1st day of March, 1909, the board of commissioners entered an order directing the county auditor to draw warrants for salaries of the various county officers as provided by law for counties of the seventh class from and after January 1, 1909; and that, pursuant to such order, the county auditor issued salary warrants to the defendant as directed up to and including the 5th day of December, 1910.   It is further alleged that the order mentioned was made without due deliberation, upon insufficient and unreliable data, without due or proper investigation, inadvisedly, and through mistake, and that the county, at the time the order was entered and at no time thereafter, had a population of 35,000 inhabitants.   The complaint further alleges that, on the 19th day of December, 1910, in an action then pending in the superior court of Lewis county, wherein one Frase was

plaintiff and the county auditor of Lewis county was the defendant, a decree was entered whereby it was adjudged that the county did not have a population greater than 32,127, on the 1st day of November, 1908, or at any subsequent time, as shown by the Federal census of 1910, and restrained the county auditor from issuing salary warrants in excess of the amount provided by law for counties of the tenth class; and that, since the entry of such judgment, the defendant has accepted warrants for his salary at $125 per month. The salary of the county clerk in counties of the thirteenth and tenth classes is $1,500 per annum, and for counties of the seventh class it is $1,800 per annum. A demurrer to the complaint was overruled. The defendant electing to stand upon his demurrer, a judgment was entered against him for the salary paid him in excess of that provided for in counties of the thirteenth class.

Stripped of its elaboration, the complaint means that the order entered by the board of county commissioners determining the number of inhabitants in the county on the first day of November, 1908, was made upon insufficient evidence. This court has held that the board of county commissioners has jurisdiction to determine the population of a county for the purpose of fixing its classification, and that it may ascertain that fact by proof, just as it may determine any other fact arising in the discharge of its duties. *State ex rel. Smith v. Neal*, 25 Wash. 264, 65 Pac. 188, 68 Pac. 1135. In the course of the opinion, it is said:

"In the absence of any law pointing out how that population should be ascertained, the board of county commissioners can determine the fact by proof, just as it can determine any other fact necessary for the discharge of its duties."

In *State ex rel. Maltbie v. Will*, 54 Wash. 453, 103 Pac. 479, 104 Pac. 797, in commenting on the same question, we said:

"It was thus determined that, for the purpose of ascertaining the class to which a county properly belonged and

fixing salaries, the county commissioners and superior court were authorized to determine the population as it existed when the county officers were elected, and that they should be compensated accordingly."

In *State ex rel. Sheehan v. Headlee*, 17 Wash. 637, 50 Pac. 493, it was held that a board of county commissioners in passing upon a claim against the county acts as a *quasi* judicial body, and that the allowance of a claim is an adjudication which is conclusive. The same general principle has been applied to the acts of a county board of equalization. *Edison Elec. Ill. Co. v. Spokane County*, 22 Wash. 168, 60 Pac. 132; *Doty Lumber & Shingle Co. v. Lewis County*, 60 Wash. 428, 111 Pac. 562, Ann. Cas. 1912 B. 870. In *County of Alameda v. Evers*, 136 Cal. 132, 68 Pac. 475, the claim of the coroner for services, which upon the face of the claim was a legal charge against the county, was allowed by the board of supervisors, and a warrant drawn upon its order was paid. In a suit by the county to recover the money so paid, it was alleged that the services were not performed; that the coroner made the claim knowing it to be false, and that by such false statements he wilfully misled the board of supervisors, and that they allowed the claim, relying upon the false statements which it contained and believing that the services had been performed by him as therein stated. A demurrer to the complaint was sustained, and the ruling was affirmed upon appeal. The court said:

"In other words, after the claim of defendant has been duly passed upon and allowed by the board of supervisors, acting in a judicial capacity, it is now sought in this collateral proceeding to prove that the finding of the board on a question of fact was not correct. The very question which the board had the right to determine, and which it was its peculiar and exclusive province to determine, was as to whether or not the services set forth in the claim had been performed. It was the duty of the board, in its judicial capacity, to carefully examine this question. It had the right to the advice and assistance of the district attorney of the county, and the

right to bring witnesses before it and examine them on ques-
tions of fact.  From the decision of the board of supervisors
on questions of fact, in regard to matters of which it has juris-
diction, there is no appeal.  If the board exceeds its jurisdic-
tion, or allows claims which are illegal upon their face, or in
direct violation of law, there is a remedy.  There, no doubt,
may be cases in which a court of equity in a direct proceeding
would entertain a suit to set aside the allowance of a claim
where such allowance has been procured by fraud, but this is
not such case.  In this case it is sought by plaintiff to recover
by proving that the services for which the money was paid
were never performed.  Defendant procured the money by
proving before the proper tribunal that the services had been
performed.  Plaintiff now seeks, without attacking the judg-
ment of the tribunal which allowed the claim, to recover back
the money by proving that the services were never in fact
performed.  We are aware that in several of the states such
doctrine has been sanctioned, but the rule has been long set-
tled the other way in this state, and we see no reason to
change it."

In *Mitchell v. County of Clay*, 69 Neb. 779, 96 N. W. 673,
98 N. W. 662, the object of the action was to recover money
received by a former county officer in excess of the compen-
sation allowed him by law.  Upon an exhaustive review of
its own decisions, it was held that the board of commission-
ers acts *quasi* judicially in passing upon claims against the
county, where it is called upon to pass upon facts or exer-
cise discretion in fixing the amount to be allowed; but where
the course to be pursued or the amount to be allowed is fixed
by law, it has no discretion, the acts are ministerial and it
must follow the law.  The pith of the decision is contained
in the following language:

"Hence it would seem clear that a settlement with a county
officer, which, in substance, is an adjustment of his accounts,
does not become *quasi* judicial, so as not to be reviewable
otherwise than by appeal, because claims were filed for sums
claimed to be due such officer, and allowed for the purpose
of enabling warrants to be drawn therefor.  If, in such case,
the compensation to be allowed the officer is fixed by law, the

allowance of the claim is formal only.  On the other hand, if the amount to be allowed is in the discretion of the board, or if, in fixing such amount, the law requires the commissioners to decide questions of fact, their action is *quasi* judicial."

See, to the same effect: *Crouch v. Pyle,* 70 Neb. 60, 96 N. W. 1049; *Santa Cruz County v. McPherson,* 133 Cal. 282, 65 Pac. 574; *Board of Com'rs of Laporte County v. Wolff,* 166 Ind. 325, 76 N. E. 247.

There are two well defined exceptions to the rule that the judgment of a board of county commissioners is conclusive upon questions within its jurisdiction.  The first is based upon the statute, and the second is where the board acts ministerially and the law leaves it no discretion.

The statute, Rem. & Bal. Code, § 3909, provides for appeal and certiorari from the order of the board of county commissioners.  It expressly provides that such remedy shall not prevent a party from enforcing his claim in the courts by a direct action, after it has been presented and disallowed in whole or in part by the board of commissioners.  Hence, in *Anderson v. Whatcom County,* 15 Wash. 47, 45 Pac. 665, 33 L. R. A. 137, where a claim for salary was presented to the board of county commissioners and disallowed, a direct action brought by the claimant in the superior court against the county was sustained.

In recognition of the second exception, in *Tacoma v. Lillis,* 4 Wash. 797, 31 Pac. 321, 18 L. R. A. 372, cited by the respondent, it was held that a city may recover money paid to a member of the city council in excess of the salary allowed by law.  So in *Chehalis County v. Hutcheson,* 21 Wash. 82, 57 Pac. 341, 75 Am. St. 818, a judgment enjoining the payment of salary warrants was affirmed on the ground that the warrants were issued under the provisions of a statute which was in conflict with the constitution.  The court said that the board of commissioners had no authority to make the contract upon which the warrants were later issued, but recognized the distinction between those cases where there was no power

or authority vested by law in the board and cases where there was power which was irregularly or erroneously exercised. A like view was taken in *James v. Seattle*, 22 Wash. 654, 62 Pac. 84, 79 Am. St. 957. In *Ada County v. Gess*, 4 Idaho 611, 43 Pac. 71, a case upon which the respondent places some stress, the court held that payments made by the board of commissioners to a public officer "which are positively and absolutely forbidden by the statutes of the state and by the constitution thereof, may be recovered back." *Weeks v. Texarkana*, 50 Ark. 81, 6 S. W. 504, and *Village of Ft. Edwards v. Fish*, 156 N. Y. 363, 50 N. E. 973, voice a like principle. In *Krieschel v. Board of Com'rs*, 12 Wash. 428, 41 Pac. 186, an order restraining the removal of the county seat was affirmed, where it conclusively appeared that the number of legal votes cast upon the proposition to remove the county seat was not ascertained by the board of county commissioners, and that the board had not canvassed the election returns.

In the case at bar, the board of commissioners acted upon a subject-matter within its jurisdiction. The question which it determined was one of fact only, i. e., the population of the county. When that fact was determined, the law fixed the classification. The character of the evidence and the question of its weight and sufficiency were confided by law to the judgment of the board. The power to decide carries with it necessarily the power to decide wrong. After the board had determined the population of the county, the appellant received and collected salary warrants conformably to the order. The board, in finding the fact and entering the order, acted in a *quasi* judicial capacity, and the order is a full protection to the appellant in this suit. As was said in the *Alameda County* case: "If the board exceeds its jurisdiction or allows claims which are illegal upon their face, or in direct violation of law, there is a remedy." And as said in the *Clay County* case, where, in determining the amount to be allowed, "the law requires the commissioners to decide ques-

tions of fact, their action is *quasi* judicial." The distinction is this: Where the law fixes the salary of a county officer, no discretion is left to the board of county commissioners, and any order that it may make in an attempt to allow a salary in excess of that provided by law affords no justification to the officer for receiving the excess salary. But when the law gives the board the power to determine a fact, it acts in a *quasi* judicial capacity, in reaching a conclusion and its order affords protection to those who act upon it.

The acceptance of the smaller salary after an adjudication in a case to which the appellant was not a party does not militate against his right to retain the salary voluntarily paid him. *Butler v. Supreme Court of Foresters,* 53 Wash. 118, 101 Pac. 481, 26 L. R. A. (N. S.) 293.

The judgment is reversed, with directions to sustain the demurrer.

CHADWICK, PARKER, MOUNT, and MAIN, JJ., concur.