[No. 12077.   Department Two.   December 15, 1915.]

PACIFIC COUNTY, *Respondent*, v. WILLAPA HARBOR
PUBLISHING COMPANY, *Appellant*.[1]

COUNTIES—CONTRACTS—PUBLICATIONS—LIMITATION ON PRICE.   Under Rem. & Bal. Code, § 9257, providing that the price charged for publication of a county tax foreclosure notice shall not exceed in any case ten cents for each description contained in the notice, any payment in addition thereto is in violation of law, and *ultra vires*, whether made pursuant to a contract or without a contract.

SAME—ILLEGAL PAYMENTS—RECOVERY.   A county has the right to recover money paid out by the county treasurer *ultra vires*, in violation of law or upon an illegal contract.

SAME—ILLEGAL PAYMENTS—RECOVERY—APPEAL FROM COUNTY COMMISSIONERS.   Rem. & Bal. Code, § 3909, governing appeals from the decision or order of the board of county commissioners, does not prevent the recovery in an action by the county for money paid under an illegal order, without the taking of any appeal.

Appeal from a judgment of the superior court for Pacific county, Back, J., entered January 2, 1914, upon findings in favor of the plaintiff, in an action for money paid, tried to the court.   Affirmed.

*Lockerby & Couden*, for appellant.

*H. W. B. Hewen*, for respondent.

CHADWICK, J.—Respondent brought this action to recover on two causes of action aggregating $244.50, which amount it is alleged was paid to the appellant by mistake and without authority in law.

The amount sought to be recovered was part of two payments made by the county to the publishing company for the printing of delinquent tax foreclosure notices, provided for by Rem. & Bal. Code, § 9257 (P. C. 501 § 241).   The printing was done by the appellant pursuant to his bid to print the county official notices at the following rates:   Sev-

[1]Reported in 153 Pac. 360.

enty-five cents per square nonpareil for the first insertion, and fifty cents per square nonpareil for each subsequent insertion, and ten cents for each description of tax list. This bid was accepted by the county commissioners, but there is some question whether a contract embodying its terms was entered into between the parties. However, we will assume that there was a complete contract. In making its charges to the county, the appellant charged for the descriptions at ten cents each, and, in addition, charged at the rate per squares for the title and all matter excepting the descriptions of the property, under the belief that its contract with the county authorized such charges.

Bills rendered for the charges, computed in this manner, were approved by various county officers, without comparison with the bid to ascertain that the charge was correct, and the bills were duly approved and paid by the county commissioners, who relied on the approval of the administrative officers for their correctness.

Rem. & Bal. Code, § 9257 (P. C. 501 § 241), in so far as material here, reads as follows:

"The publication of the summons or notice required by this section shall be made by the county treasurer in the official newspaper of the county: Provided, the price charged by any such newspaper for such publication for the whole number of issues shall not exceed in any case the sum of ten cents for each description contained in said notice."

There can be no doubt that this section limits the price which the county may pay to ten cents per property description, inclusive of all matter in the notice, and as this interpretation of the statute is not questioned, we will not discuss it further. Nor will it be necessary to determine what construction the commissioners placed upon the statute when the bid was accepted, for there could be but the one legal construction. Any payment by the county in excess of ten cents per description for the entire notice was in violation of law, whether made pursuant to a contract or with-

out a contract, and the sole question is whether this excess payment may be recovered by the county, and, if so, whether in this action. It will be unnecessary, therefore, to determine whether the payment was made under a mistake of law, that is, by the county under a belief that the appellant was entitled under his contract to the amount claimed, or whether under a mutual mistake of fact, that is, that the amount claimed was earned as provided by the statute.

It is well settled in this state that payments made by a city in violation of law may be recovered by the city. *State ex rel. Grant Smith & Co. v. Seattle*, 74 Wash. 438, 133 Pac. 1005; *Seattle v. Walker*, 87 Wash. 609, 152 Pac. 330. This court has frequently restrained counties from carrying out contracts entered into in violation of law, and the payment of money under such contracts. *Arnott v. Spokane*, 6 Wash. 442, 33 Pac. 1063; *Smith v. Lamping*, 27 Wash. 624, 68 Pac. 195; *Chehalis County v. Hutcheson*, 21 Wash. 82, 57 Pac. 341, 75 Am. St. 818; *Green v. Okanogan County*, 60 Wash. 309, 111 Pac. 226, 114 Pac. 457. None of these actions sought the return of money illegally paid, as did the city cases, but we find no difference in the governing principle.

In *Green v. Okanogan County, supra*, we had under consideration a contract entered into by the county commissioners. We said:

"Contracts entered into in defiance of the manner pointed out by the statutes, or which have no support in the statutes, bind no one. Money paid out in pursuance of such contracts can be recovered back from any person into whose hands it can be traced."

The council and the commissioners find their authority to bind their principals in the statute, and must exercise the powers conferred upon them in strict compliance therewith. The right of a county to recover money paid on illegal claims has been generally recognized in actions by counties against their officers and against individuals. *Union County v. Hyde*, 26 Ore. 24, 37 Pac. 76; *Fremont County v. Brandon*, 6 Idaho

482, 56 Pac. 264; *Campbell County v. Overby*, 20 S. D. 640, 108 N. W. 247; *Board of Com'rs of Huntington v. Heaston*, 144 Ind. 583, 49 N. E. 457, 43 N. E. 651, 55 Am. St. 192; *Heath v. Albrook*, 123 Iowa 559, 98 N. W. 619; *Honey v. Board of Com'rs of Jewell County*, 65 Kan. 428, 70 Pac. 333.

The last two cases cited are apt examples of the application of the rule. In *Heath v. Albrook*, *supra*, the rule was applied, although the court conceded the rule contended for by the appellant here, that a payment made under a mistake of law applies to a municipal corporation as well as to an individual. The court said in part:

"It is contended on behalf of appellants that the decree, in so far as repayment is thereby ordered, cannot be sustained, for that it appears from the record that the payments made to Albrook were made under mistake of law, and that not even a court of equity may give relief from the consequences of such a mistake. We are agreed that this contention cannot be sustained. We may concede the general rule that payments made under mistake of law cannot be recovered back, and that municipal corporations, as well as natural persons, come within the operation of the rule. . . . But the reason of the rule, and hence the rule itself, can have no application where, as in the case before us, money of a municipal corporation has been paid out by an officer thereof in violation of the provisions of law, and this with full knowledge on the part of the payee. . . . The moneys having been drawn from the county treasury without a claim therefor having been presented to and allowed by the board of supervisors, it follows that such payments were not only unauthorized, but were made in direct violation of law. In legal contemplation, therefore, appellant stands as one holding money without right or title thereto. We have no occasion to determine what would be his right in the premises, had the amounts drawn by him been legally due and owing to him from the county. We are required to go no farther than to hold that the moneys having come into his possession under the circumstances shown, and having reached the conclusion that, as a matter of legal right, he was not entitled thereto, we cannot sanction his resistance

to the demand for repayment made solely on the ground that both he and the county officers labored under a mistaken notion as to the legal effect and scope of the contract under which he claimed to have been acting."

*Honey v. Board of Com'rs of Jewell County, supra,* arose out of an overpayment by the county on a contract which was misconstrued by the claimant. In holding that the county was entitled to recover the excess payment, the court said:

"Counsel for plaintiff in error contend that the allowance of the claim was a judicial act by the board of county commissioners, and that the matter is now *res judicata.* In the case of *Commissioners of Leavenworth v. Keller,* 6 Kan. 510, the law was held to be otherwise. It was the duty of the county commissioners to allow to the plaintiff in error legal fees only, and if he received more than was allowed to be charged by statute, he is liable therefor to the county."

The appellant further contends that, where there is a statutory method of conducting an appeal from the order of a board of county commissioners, the recovery of a payment unlawfully made cannot be had in a collateral proceeding. No appeal from the action of the commissioners was taken in this case. Rem. & Bal. Code, § 3909 (P. C. 115 § 223), governing appeals from the decision or order of the board of county commissioners cannot be construed to prevent an action by the county to recover money paid under an illegal order. None of the cases cited by appellant so hold. The argument that an appeal must first be taken is well met by the Idaho court in *Fremont County v. Brandon, supra,* where the same defense was made.

"The first one [assignment of error] is as follows: 'Can a recovery be had by a county where its regularly authorized officers have, through mistake of law, and not through fraud, deception or any unlawful means, settled or allowed an account to an officer which he was not entitled to receive?' This proposition, put in the form of a question, involves an anomaly, viz., that the board of county commissioners may lawfully allow a claim which is not a lawful charge against the county. Those claims against counties which are lawful

charges are specified by statute.   The powers of the board of commissioners are statutory and limited.   Such boards can exercise those powers only granted to them by the statute.   In the case at bar the commissioners exceed their powers by allowing claims in favor of the appellant which are not county charges; for instance, the said board allowed him, and he was paid out of the county treasury, the sum of $500, quarterly salary for the first quarter of the year 1893.   We are now asked to hold that the county cannot recover this money back from the appellant, upon two grounds. (1) that no appeal was taken from the order allowing said claim; (2) that the cause of action therefor is barred by limitation.   As to the first ground, we are clearly of the opinion that the order allowing said claim for salary was not only unauthorized when made but in contravention of section 8 of article 18 of the constitution, which provides that county officers 'shall be paid by fees or commissions, or both, as prescribed by law.'   The compensation of assessors and collectors is by statute, to be paid by commissions and fees.   Hence the commissioners exceeded their powers when they made said order allowing him his salary for one quarter, had no jurisdiction to make it, and said order did not bind the county, it being void.   No appeal from such order was necessary.   It could be attacked at any time, either directly or collaterally.   (*Dunbar v. Board,* 5 Idaho 407, 49 Pac. 412.)   The defendant, being a fiducial agent of the plaintiff county, received said money in trust for the plaintiff, and the statute of limitations did not run against the county.   (See *Elmore Co. v. Alturas Co.,* 4 Idaho 154, 37 Pac. 349.)   The county could recover back such sum from the defendant.   (*Ada Co. v. Gess,* 4 Idaho 611, 43 Pac. 71.)."

We conclude that the money paid to appellant, being paid *ultra vires,* may be recovered by the county without an appeal from the order of the board of commissioners allowing the claim.

The judgment is affirmed.

MORRIS, C. J., ELLIS, and FULLERTON, JJ., concur.