[No. 15267.   Department One.   August 19, 1919.]

THE STATE OF WASHINGTON, *on the Relation of
William M. Clapp et al., Respondents,* v.
DONALD URQUHART *et al., as County Com-
missioners etc., of Grant County,
Appellants.*[1]

COUNTIES (91)—CLAIMS—REJECTION—REVIEW.   Under the ex-
press provision of Rem. Code, § 3909, the remedy by appeal from
the county commissioners' rejection of a claim, does not prevent a
party from enforcing his claim by direct action in the courts.

MANDAMUS (52) — WHEN LIES — ISSUANCE OF WARRANTS.   Man-
damus lies to compel the issuance of a warrant by the county
auditor to pay a claim arbitrarily rejected by the county commis-
sioners; since mandamus is but one of the forms of procedure pro-
vided for the enforcement of rights and the redress of wrongs.

SAME (57) — PAYMENT OF WARRANTS.   In mandamus to compel
the issuance and payment of a warrant on a claim arbitrarily re-
jected by the county commissioners, the county treasurer, joined
with the auditor and commissioners, should be dismissed, where it
does not appear that he would refuse to pay the warrant, nor that
he had funds on hand with which to do so.

Appeal from a judgment of the superior court for
Grant county, Grimshaw, J., entered November 20,
1918, upon findings in favor of the plaintiffs, in an
action for a writ of mandamus, tried to the court.
Affirmed in part and reversed in part.

*N. W. Washington,* for appellants.

*William M. Clapp, Daniel T. Cross,* and *C. G. Jeffers,*
for respondents.

MITCHELL, J.—This is an action commenced in the
superior court of Grant county for a peremptory writ
of mandamus.   The complaint or petition, supported

[1]Reported in 183 Pac. 121.

by the affidavit of one of the applicants, so far as is material here, is in substance as follows:

That, upon the commencement of a suit in Grant county, Washington, to cancel and enjoin the payment of certain county warrants issued by the auditor of that county in payment of the amount due for the construction of a county building by the terms of a contract therefor with the county, the county commissioners of that county entered into a written contract with Messrs. William M. Clapp, C. G. Jeffers and Daniel T. Cross, as lawyers specially employed to represent the county therein; that, by the terms of the contract, they were to act as attorneys in the case in the trial court, and also in this court in case of an appeal by either party, and until the case was fully determined; that they were to be paid four thousand five hundred dollars for their services, as follows: one thousand five hundred dollars upon the signing of the contract and its approval by the judge of the superior court, one thousand five hundred dollars upon the determination of the cause in the superior court, and the remaining one thousand five hundred dollars at the expiration of ninety days from the date of the judgment of the superior court in case no appeal should be taken therefrom, but in the event an appeal was taken, then the last payment to be made as soon as the supreme court had heard the cause; that the contract further provided:

"And the auditor of Grant county is hereby authorized and directed to draw warrants, within the time provided for by law for the payment of the several sums named herein and particularly for the payment of the first payment provided for in this agreement";

that the contract was approved and signed by the judge of the superior court of the county by his writing indorsed thereon according to Rem. Code, § 3908;

that, pursuant to the contract, the parties represented
the county in the suit in the superior court, which suit
resulted in a final judgment favorable to the county,
dismissing the action; that thereafter, a duly verified
statement of account in the sum of one thousand five
hundred dollars, together with proof (a certified copy
of the judgment of dismissal of the action) of having
performed services as attorneys in the cause, was pre-
sented to the board of county commissioners, and the
board arbitrarily, and without any right or investi-
gation of either the law or the facts, rejected the same;
that, because of the terms of the contract that the
auditor should draw warrants within the time provided
by law for the payment of the several sums named in
the contract, proof was furnished the county auditor
of the legal services rendered, and he refused a de-
mand to deliver a warrant in the sum of one thousand
five hundred dollars due, and said county auditor will
not draw or deliver such warrant unless now directed
to do so by the board of county commissioners or by
order of court; that the county treasurer had declared
he would not pay any warrant drawn for such services
unless ordered to do so by the court; and that plain-
tiffs have no plain, speedy or adequate remedy in the
ordinary course of the law. The prayer of the appli-
cation is for a peremptory writ of mandate against
the county commissioners, the county auditor to draw
a warrant, and the county treasurer to pay the same,
in the sum of one thousand five hundred dollars due
under the contract.

The county commissioners, the auditor and the
treasurer appeared in the action by a demurrer, upon
which they chose to stand, upon the grounds:

"(1) That there is a defect of parties defendant.

"(2) That several causes of action have been im-
properly united.

"(3) That the complaint does not state facts sufficient to constitute a cause of action."

Upon consideration by the court, the demurrer was overruled; and thereupon the court received proof submitted by the plaintiffs in support of their complaint, upon which, findings of fact essentially the same as alleged in the complaint, and conclusions of law, were signed and filed, whereupon a judgment was entered granting plaintiffs all the relief prayed for.

Defendants have appealed, and the burden of their contention is that the respondents here, who were plaintiffs in the trial court, have mistaken their remedy and were confined to an appeal from the rejection of the claim by the board of county commissioners.

The statute on appeals, Rem. Code, § 3909, expressly provides that such remedy shall not prevent a party from enforcing his claim in the courts by a direct action, after it has been presented and disallowed in whole or in part by the board of county commissioners. "Hence," as was said in the case of *Lewis County v. Montfort*, 72 Wash. 248, 130 Pac. 115, "in *Anderson v. Whatcom County*, 15 Wash. 47, 45 Pac. 665, 33 L. R. A. 137, where a claim for salary was presented to the board of county commissioners and disallowed, a direct action brought by the claimant in the superior court against the county was sustained."

The uniform holding of this court, from the case of *State ex rel. Race v. Cranney*, 30 Wash. 594, 71 Pac. 50, to the case of *State ex rel. Taro v. Everett*, 101 Wash. 561, 172 Pac. 752, L. R. A. 1918E 411, has been as was expressed in *State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207, viz.:

"In our practice, mandamus is nothing more than one of the forms of procedure provided for the enforcement of rights and the redress of wrongs. The procedure has in it all the elements of a civil action."

The remedy of mandamus was successfully employed in the case of *State ex rel. Maltbie v. Will*, 54 Wash. 453, 103 Pac. 479, 104 Pac. 797, upon the authority of which the present case must be determined against the county commissioners and the county auditor. That was a case of an

"Application to the superior court of Douglas county by A. N. Maltbie, for a writ of mandamus requiring the auditor and commissioners of said county to issue a warrant for $294.45, alleged to be due the relator for salary as county clerk."

The facts were that Maltbie, who was twice elected and served four successive years as county clerk, made claim for an increase of salary for a portion of his first term and a still further increase during his second term, because of changes in the classification of the county based on increased population during those years, which the court found had occurred. During all the time Maltbie had received only the salary suggested by the classification of the county as it existed at the time of his first election. Prior to the action, he made demand upon the county commissioners for the increased salary, which demand was rejected; and a like demand on the county auditor for a warrant was refused. The trial court found that, during the clerk's first term and prior to the second election, the classification of the county was changed so as to increase the clerk's salary fifty dollars per annum, but in its judgment refused any relief to the relator. Upon appeal, the judgment was reversed and remanded with instructions to grant a writ directing the issuance of a warrant for the additional salary of fifty dollars for each of the two last years. In the opinion, after discussing the constitutional provisions prohibiting the increase of compensation of any public officer during his term of office, and stating the con-

clusion that, from the facts found, the relator was not entitled to any increase during the first two years, but was entitled to an increase for the last two years, the court, concerning such conclusion and the procedure adopted, said:

"The respondents do not seriously dispute this conclusion, but contend that no relief can be given in this proceeding, further contending that an application for a writ of mandate will not be granted in part and denied in part; that it must be denied *in toto* if any part of the relief demanded should be refused, and that appellant having asked for a sum greater than that to which he is entitled, can in this proceeding obtain no writ to compel the issuance of a warrant for any smaller sum. We do not think this position can be sustained. Under our code an application for a writ of mandamus is the commencement of a civil action. It is one method of procedure for the enforcement of rights and the redress of wrongs. No alternative writ was requested or issued. The appellant has only asked that a peremptory writ be finally granted after trial. We think he is entitled to a writ in this proceeding directing the issuance of a warrant for such sum as he may be entitled to recover, even though it be less than originally asked by him. This conclusion results from former rulings of this court relative to the writ of mandamus, its functions and powers, and the proper procedure to be adopted on the trial of mandamus proceedings. *State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207; *State ex rel. Barto v. Board of Drainage Com'rs*, 46 Wash. 474, 90 Pac. 660."

Concerning the county treasurer, however, we think the case will have to be dismissed. While it is true the complaint alleges the then county treasurer hostile to the payment of such a warrant, it is a fact no such warrant has ever been presented to him for payment, and it is difficult to perceive that any hostility would be manifested by him against the payment of a warrant the integrity of which will have been established

by this litigation; and besides, there is no allegation here concerning the finances of the county with respect to the ability of the county treasurer to pay such a warrant under the statute requiring them to be paid in the order of their issuance.

As to the county commissioners and the county auditor, the judgment is affirmed, while as to the county treasurer it is reversed with directions to dismiss.

Neither party will recover costs on the appeal.

HOLCOMB, C. J., MAIN, and TOLMAN, JJ., concur.