[No. 16848.   Department One.   April 27, 1922.]

REVELARE INTERNATIONAL SECRET SERVICE, *Appellant,*
v. WHATCOM COUNTY *et al., Respondents.*[1]

COUNTIES (100)—ACTIONS—PLEADING—CONTRACTS. In an action against a county upon a written contract made by the sheriff and prosecuting attorney for services in the enforcement of the liquor law, under Rem. Comp. Stat., § 4940, setting aside for that purpose fifty per cent of all fines collected for liquor violations, the complaint states a cause of action against the county where it alleges that the contract was made with the consent and approval and by the authority of the county commissioners.

MANDAMUS (52)—ISSUE OF WARRANTS FOR PAYMENT. Mandamus lies to compel the issuance of a county warrant upon a claim under a written contract, which was arbitrarily rejected by the county commissioners.

Appeal from a judgment of the superior court for Whatcom county, Brawley, J., entered August 8, 1921, upon sustaining a demurrer to the complaint, dismissing an action on contract. Reversed.

*Walter B. Whitcomb,* for appellant.
*Sather & Livesey,* for respondents.

MITCHELL, J.—The question in this case concerns the sufficiency of a complaint to recover for services and expenses in the performance of a contract made with certain officers of Whatcom county under the provisions of ch. 30, Laws of 1919, p. 57.

The act provides for the disposition of fines and forfeitures for violation of the provisions of initiative measure No. 3, enacted by popular vote in November, 1914. It states, among other things, as follows:

"*Provided, however,* that fifty per cent (50%) of all fines collected for the violation of any of the provisions of Initiative Measure No. 3 enacted by the people

[1]Reported in 206 Pac. 564.

November 3, 1914, shall be turned in to the county treasurer of the county wherein such violation occurred, to be kept as a special fund by said county treasurer and to be used for the purpose of obtaining evidence in other cases pertaining to the violation of the provisions of said Initiative Measure No. 3 enacted by the people November 3, 1914, said fund to be drawn upon by vouchers by the sheriff of the county wherein the said violation occurred and approved by the prosecuting attorney and a majority of the board of county commissioners of said county." (Laws of 1919, ch. 30, § 1, p. 57; Rem. Comp. Stat., § 4940.

The complaint alleges, in substance, that the sheriff and prosecuting attorney of the county, with the knowledge, approval and consent and by the authority of the board of county commissioners of Whatcom county, and in accordance with the universal practice of the county commissioners, sheriff and prosecuting attorney with relation to the creation of obligations against and the expenditure of funds of the liquor investigation fund, on behalf of themselves, sheriff and prosecuting attorney, and on behalf of the county commissioners and the county of Whatcom, entered into a written contract with the plaintiff to render services in obtaining evidence pertaining to violations of the provisions of initiative measure No. 3. The complaint sets out in full the written contract signed by the sheriff and prosecuting attorney. The complaint further alleges the rendition of services and the incurring of expenses pursuant to the contract, the drawing of vouchers by the sheriff upon the liquor investigation fund for the amounts due; that they were duly approved by the sheriff and prosecuting attorney, duly filed with the county auditor and presented to the board of county commissioners; that the vouchers were duly subscribed and sworn to by the plaintiff and that they

were disallowed by the board of county commissioners; that, at the time the vouchers were drawn and at all times since, there were and have been ample funds in the liquor investigation fund to pay all sums due the plaintiff, and that the board of county commissioners arbitrarily refused, and still refuse, to approve the vouchers and order warrants drawn upon the special fund in payment of the claims, and that the auditor of the county refuses to issue warrants drawn on the special fund in payment of the demands of the plaintiff in the sum of $1,320, which is the reasonable and agreed value of services rendered and expenses incurred, no part of which has been paid. The prayer of the complaint is for judgment in the amount claimed, with interest, against the liquor investigation fund of the county, and that the board of county commissioners audit and approve the same and order warrants to issue, and that the auditor issue warrants accordingly. A demurrer to the complaint was sustained. The plaintiff refused to amend, and from a judgment of dismissal has prosecuted this appeal.

The arguments on behalf of the respondents in support of the judgment are: That, as it appears upon the face of the complaint, the contract was one between the appellant on the one side and the sheriff and prosecuting attorney on the other side, and not a contract with Whatcom county represented by the respondents; that the county commissioners are the business agents of the county, which cannot be bound directly or indirectly by a contract not approved by a majority of the board; and that the relief demanded in the complaint is governed by a law which requires that any voucher drawn on the fund must be approved by the prosecuting attorney and a majority of the board of county commissioners, which requires the exercise of

discretion that will not be controlled by the courts by writ of mandate. Neither contention is sound as applied to this case. Considering the two first points together, there is nothing in the law requiring contracts for such services and expenses to be in writing. The complaint shows that, while there was a writing signed on the one side by only the sheriff and prosecuting attorney, nevertheless it is specifically alleged in the complaint that the agreement was made with the knowledge, approval and consent and by the authority of the board of county commissioners, and according to the universal manner and practice of making contracts for services and expenses to be paid for out of the funds in the liquor investigation fund. The general demurrer admits these allegations, so that, as it appears upon the face of the complaint, the contract was one between the appellant, on the one part, and the sheriff, county attorney and county commissioners on the other side; while as to the contract not being binding so far as the county commissioners are concerned because not approved by them, the plain language of the complaint is that they exercised their authority by approving it at the time it was made and prior to the rendition of the services and incurring the expense for which recovery is sought.

Concerning the third point, mandamus lies to compel the ordering of and the issuance of a warrant by the county auditor to pay a claim arbitrarily rejected by the county commissioners. " 'In our practice, mandamus is nothing more than one of the forms of procedure provided for the enforcement of rights and the redress of wrongs.' " *State ex rel. Clapp v. Urquhart,* 108 Wash. 299, 183 Pac. 121; *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207; *State ex rel. Race v. Cranney,* 30 Wash. 594, 71 Pac. 50; *State ex rel. Taro*

v. Everett, 101 Wash. 561, 172 Pac. 752, L. R. A. 1918E 411.

Reversed, with directions to overrule the demurrer.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.